# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Action No. 10-cv-01906-REB-MEH

DAVID BRACKHAHN, and
CATHERINE BRACKHAHN,

      Plaintiffs,

v.

GMAC MORTGAGE LLC CORPORATION SERVICE COMPANY,

      Defendant.

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

**Blackburn, J.**

This matter is before me on the plaintiffs' **Petition for Restraining Order** [#3] filed August 10, 2010.  The plaintiffs filed also a **Memorandum in Support of Request for Temporary Restraining Order** [#4] filed August 10, 2010.  The plaintiffs seek an order restraining a foreclosure sale scheduled to occur August 12, 2010.  On review of these filings, I find that the plaintiffs have failed to abide by Fed. R. Civ. P. 65 and D.C. COLO.LCivR 65.1.  I deny the motion without prejudice.

      Rule 65(b)(1) of the Federal Rules of Civil Procedure states, in pertinent part:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if (A) specific facts in the affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition, and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1).  The plaintiffs do not describe in their motion any efforts they

have made to give notice or to attempt to give notice of their motion to the defendant. In addition, there is no indication in the plaintiffs' motion that the defendant has yet been served with a summons and complaint. The plaintiffs also fail to state any reasons why notice to the defendant should not be required. Without notice to the defendant, or a statement of valid reasons why notice to the defendant should not be required, the plaintiffs' motion fails.

Furthermore, with regard to *ex parte* applications, Local Rule 65.1A. provides that a motion shall be accompanied by a certificate of counsel or a pro se party attesting that (1) actual notice of the time of filing the motion, and copies of all pleadings and papers filed in the action to date have been furnished to the adverse party, or (2) the moving party has made efforts to give such notice and furnish such copies. D.C.COLO.LCivR 65.1A. ("Except in accordance with Fed. R. Civ. P. 65(b), the court will not consider an ex parte motion for temporary restraining order."). Here, the plaintiffs have failed to certify their attempts to furnish pleadings and/or give notice to the defendant. Although the court must liberally construe *pro se* filings, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. **See Green v. Dorrell**, 969 F.2d 915, 917 (10th Cir. 1992); **Nielsen v. Price**, 17 F.3d 1276, 1277 (10th Cir. 1994). The court should not be the *pro se* litigant's advocate. **See Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).

**THEREFORE, IT IS ORDERED** that the plaintiffs' **Petition for Restraining Order** [#3] filed August 10, 2010, is **DENIED** without prejudice

Dated August 11, 2010, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge