**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-cv-01906-REB-BNB

DAVID AND CATHERINE BRACKHAHN,

    Plaintiffs,

v.

GMAC MORTGAGE, LLC,

    Defendant.

---

**MOTION TO DISMISS PLAINTIFFS' "ORIGINAL PETITION"
PURSUANT TO FED.R.CIV.P. 8 AND 9(b) AND PETITION FOR RESTRAINING
ORDER AND PETITION FOR TEMPORARY INJUNCTION**

---

        Defendant GMAC Mortgage, LLC ("GMAC"), through its counsel, Lowe, Fell & Skogg, LLC, submits the following Motion to Dismiss Plaintiffs David and Catherine Brackhahn's "Original Petition" pursuant to Rules 8 and 9(b) of the Federal Rules of Civil Procedure as well as what appear to be two additional complaints or "petitions" filed in this action – Plaintiffs' Petition for Restraining Order and Petition for Temporary Injunction.[1] In support of this motion, GMAC states as follows:

---

[1] It appears that Plaintiffs have filed three separate complaints or "petitions" in this case – an "Original Petition," a "Petition for Restraining Order," and a "Petition for Temporary Injunction." These three "petitions" or complaints are intertwined – they relate to the same allegations and claims, which are detailed in the pleading titled "Original Petition." Because these documents are interrelated, and the grounds for the injunctive relief requested stems from the allegations in the "Original Petition," GMAC seeks a dismissal of all three pleadings for the reasons outlined below. GMAC's reference to the deficiencies in the "Petition" applies to all three pleadings.

## I. INTRODUCTION

Plaintiffs' "Original Petition" contains 24 pages and 675 lines of incomprehensible statements that fail to identify in any manner what conduct GMAC engaged in that gives rise to any recognized legal claim for relief. Indeed, Plaintiffs' pleading appears to be copied from internet sources and fails to specify with any clarity who it is that Plaintiffs are suing and why and contains only a series of rambling statements about how lenders in general have created problems for borrowers without tying any of this conduct to GMAC. Plaintiffs refer to numerous players in the mortgage industry that have allegedly engaged in improper conduct, yet it is impossible to identify where GMAC fits into the picture. A significant portion of Plaintiffs' Petition is nothing more than a diatribe on the evils of the mortgage industry that provides absolutely no insight into what it is that GMAC did to these particular Plaintiffs. The Petition also includes recitations of law as well as excerpts from legal briefs apparently submitted in a case in the Ninth Circuit that have no place in a complaint in a civil action. In addition to filing their Petition, Plaintiffs have also filed an equally unintelligible Petition for Restraining Order and Petition for Temporary Injunction that is nothing more than excerpts from Plaintiffs' Petition.

Even if the Petition is liberally construed because Plaintiffs are not represented by counsel, the Petition does not remotely satisfy the requirement for concise pleading in Rule 8 of the Federal Rules of Civil Procedure. Moreover, although Plaintiffs contend that they have asserted various fraud claims against GMAC, the Petition fails to plead any such claim with particularity as is required under Fed.R.Civ.P. 9(b). Consequently, the Petition should be dismissed, and the Petition for Temporary Restraining Order and Petition for Temporary

Injunction should be stricken, given Plaintiffs' failure to comply with these applicable rules. GMAC cannot possibly prepare a proper response to any of these filings by Plaintiffs because they make no sense.

## II.    ARGUMENT

**A.    Plaintiffs' Petition Does Not Comply With The Requirements Of Fed.R.Civ.P. 8**

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading "must contain . . . a short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). Rule 8(e) mandates that "[e]ach allegation must be simple, concise, and direct." Fed.R.Civ.P. 8(e). As the Tenth Circuit noted in Mann v. Boatright, 477 F.3d 1140 (10th Cir. 2007):

> Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted.
>
> Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint.

Mann, 477 F.3d at 1148 (citing McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996)).

A complaint that fails to comply with Rule 8 may be dismissed. Fisher v. United Feature Syndicate, Inc., 37 F.Supp.2d 1213, 1216 (D. Colo. 1999). When a pro se litigant files a complaint, such as in this case, the pleading should be liberally construed. A court cannot, however, "assume the role of advocate for the pro se litigant." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). It is proper to dismiss a complaint filed by a pro se plaintiff that is

incomprehensible, even after given liberal construction. Carpenter v. Williams, 86 F.3d 1015, 1016 (10th Cir. 1996).

Under well-established law "confusing complaints impose an unfair burden on litigants and judges." McHenry v. Renne, 84 F.3d 1172, 1179-80 (9th Cir. 1996). "Both the court and litigants are entitled to know at the pleadings stage, who is being sued, why, and for what." McHenry, 84 F.3d at 1179-80. Even under notice pleading standards, a plaintiff is still required to give the defendant fair notice of what the claim is and the grounds upon which it rests. United Steel Workers of Am. v. Oregon Steel Mills, Inc., 322 F.3d 1222, 1228 (10th Cir. 2003) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)). In terms of asserting claims for relief, Plaintiffs' Petition is incomprehensible, not concise and more of a manifesto against the mortgage industry than an identification of the purported actions engaged in by GMAC that give rise to a recognizable legal claim. The allegations in the Petition are confusing, and fall well below the requirements of Rule 8, even if liberally viewed. Given the unintelligible nature of Plaintiffs' Petition in this matter, dismissal is appropriate.

### 1. The Petition does not clearly identify the parties.

In the first instance, it is difficult to identify who, exactly, the Plaintiffs seek to sue in this action. Although GMAC is the only Defendant identified in the caption, the Petition repeatedly references that Plaintiffs are seeking relief against multiple "Defendants." Indeed, the prayer for relief states that Plaintiffs seek judgment "against the named Defendants, and each of them . . . ;" however, no other parties have been named in the lawsuit. See Petition, p. 24.

Throughout the Petition, Plaintiffs have ascribed numerous allegations of wrongdoing against not only "Defendants," but also "Lender" and "Agents," but these parties, if

they exist and if Plaintiffs also intend to sue them, are not named in the action and are not identified with any specificity. See Petition, pp. 6-24. For example, on page 6 of the Petition, Plaintiffs indicate that they will provide by a preponderance of the evidence that "Lender has no legal standing to bring collection or foreclosure claims against the property . . . Lender is not a real party in interest in any contract which can claim a collateral interest in the property . . . [and Lender's alleged contract with Plaintiffs] was fraudulent in its creation. . . ." See Petition, p. 6, ll. 155-163.   Elsewhere in the Petition, Plaintiffs make reference to "Defendants," and "Defendants" alleged wrongful conduct, suggesting that the Defendants and the Lender are different entities or individuals. See, e.g., Petition, pp. 6-7, 8. Because it is difficult to tell from the Petition whether Plaintiffs believe that Defendant GMAC is the "Lender" or whether the Lender is a different entity, GMAC cannot respond in any meaningful way to the many allegations in Plaintiffs' Petition relating to Defendants and Lenders.

Similarly, Plaintiffs appear to seek relief against unnamed "Agents," but it is wholly unclear from the Petition whether GMAC is one of these Agents. For example, on page 9 of the Petition, Plaintiffs outline a series of improper actions by "Agent," yet it is impossible to tell if this is GMAC. The "Agent" alleged "practiced up-selling to Petitioner," that constituted a fraud and breach of fiduciary duty. See Petition, p. 9, ll. 252-257. On page 21 of the Petition, Plaintiffs attempt to state a claim for common law fraud against "Agents," however, it is impossible to know who these Agents are and whether GMAC is one of them.

### 2. The Petition's unintelligible indictment of the mortgage industry is not a short and concise statement of any claim showing that Plaintiffs are entitled to relief.

Not only is it impossible to know who Plaintiffs are seeking to sue, the Petition's editorial about the problems with the mortgage industry fails to perform the essential function of a complaint and, therefore, violates Rule 8.

The Petition starts with a "Statement of Cause" containing nothing more than general and conclusory statements of alleged wrongs committed by "Defendants." See Petition, p. 1. It is unclear what is meant by the term "Statement of Cause" and whether this is intended to set forth Plaintiffs' cause of action against GMAC or is merely an introductory statement of some kind.

On page 2 of the Petition, Plaintiffs include a section titled "In Brief," which they identify as a "Non-factual Statement of Posture and Position." This section is a series of comments by Plaintiffs that are editorial in nature and say nothing about what, if anything, GMAC did to Plaintiffs that entitle them to relief in this action. See Petition, p. 2, ll. 32-46. The section is not short. It is not concise. It contains no allegations of fact or conduct and contains no statement of a legal claim against GMAC. For example, in the first statement of this section, Plaintiffs allege: "It is not the intent of Petitioner to indict the entire industry." See Petition, p. 2, ¶ 32. This is not a simple, concise and direct allegation that can be either admitted or denied by GMAC. Accordingly, it is impossible for GMAC to respond to the statements in this section.

Also on page 2 of the Petition, Plaintiffs embark on a lengthy manifesto against the mortgage industry titled "Carefully Crafted Criminal Connivance," which purports to provide

a statement of the "General State of the Real Estate Industry." See Petition, p. 2, l. 77. Reaching back to the 1980s and 1990s, Plaintiffs provide their views on the regulation of lenders and how deregulation resulted in the lending crisis and economic collapse that occurred in recent years. From pages 2 through 6 of the Petition, there is not a single concise statement made providing GMAC with notice of the conduct that it allegedly engaged in resulting in harm to Plaintiffs, nor is there a single concise statement outlining a claim for relief. This entire section is nothing more than Plaintiffs' commentary about the failure of the mortgage industry that fails to remotely comply with Fed.R.Civ.P. 8.

Starting on page 6 of the Petition, Plaintiffs identify a series of allegations that they claim they intend to prove, yet it is unclear how these statements relate to GMAC. The statements in this section, titled "Petitioner Will Prove the Following," makes no specific allegation about conduct engaged in by GMAC. As discussed previously, this section references both an unidentified "Lender" and "Defendants" and appears to attempt to outline improper conduct on the part of both. GMAC cannot determine who the Lender is and who the Defendants are based on these statements. See Petition, pp. 6-7, ll. 155-192. Plaintiffs refer to fraudulent conduct and breaches of contractual and fiduciary obligations by not only the unnamed "Lender," but also an unidentified "Mortgagee" or "Trustee," "Mortgage Agents," "Loan Originators," "Loan Seller," "Mortgage Aggregator," "Trustees of Pooled Assets," and numerous other entities or individuals that are not identified with any clarity in the Petition. It is impossible for GMAC to determine whether the laundry list of wrongs identified in this section is directed at GMAC or to the other entities and individuals identified. See Petition, p. 6, ll. 162-172.

Not only is the identity of the parties to be sued unclear in the Petition, the identity of the Plaintiffs is not completely clear either. In their list of claims that they intend to prove, Plaintiffs contend that "Lender intended to defraud Investor and the taxpayers of the United States," as well as "backers of derivatives." See Petition, p. 7, ll. 183-189. Plaintiffs fail to identify what they mean by "Investor," or who they are talking about. The list of Plaintiffs in the caption does not include the taxpayers of the United States, nor would Plaintiffs have the ability to sue on behalf of all taxpayers in this country. The "backers of derivatives" are similarly unidentified. If GMAC is to be held liable for claims involving all taxpayers of the United States or backers of derivatives, GMAC is entitled to know that this is the case through a clearer statement of Plaintiffs' claims and position so that it can respond appropriately.

**3.   The remainder of Plaintiffs' Petition does not provide GMAC with fair notice of the claims asserted against GMAC.**

Plaintiffs' indictment of the mortgage industry is followed by what appears to be a statement of Plaintiffs' claims in this action, but does not, in any manner, provide GMAC with fair notice about that which it is expected to defend.

On page 8 of the Petition, in the section titled "Statement of Claim," Plaintiffs engage in an unintelligible discussion about "Defendants'" purported failure to produce evidence of a contract with Petition, that ends with Plaintiffs claiming that "absent production of admissible evidence of a contractual obligation on the part of Petitioner, Defendants are without standing to invoke the subject matter jurisdiction of the court." See Petition, p. 8, ll. 208-223. This section, like previous sections, references conduct by Defendants as well as Lender, without defining either. The section includes a discussion relating to what Plaintiffs believe constitutes admissible evidence of a contract. Since Plaintiffs, not GMAC, filed this lawsuit, Plaintiffs'

contention relating to Defendants' standing or ability to invoke the subject matter jurisdiction of this Court is nonsensical.

Similarly, Plaintiffs contend in this section that "Defendants claim agency to represent the principal in a contractual agreement involving Petitioner," and contend that "Defendants lack standing to invoke the subject matter jurisdiction of the court," absent proof of agency.  See Petition, p. 8, ll.  225-232.  Since Plaintiffs, not GMAC, filed the Petition, Plaintiffs' contention relating to "Defendants" claiming an agency relationship makes no sense, nor do Plaintiffs' contentions relating to "Defendants" lack of standing to invoke the subject matter jurisdiction of the Court.  This section does not identify what Plaintiffs mean by agency or who it is that "Defendants" claim are their agents.  Moreover, this section does not identify who the "principal" is or why it is that they believe that GMAC claims an agency to represent this unidentified principal.  Plaintiffs state that "Defendants can hardly claim to be agents of a principal and then refuse to identify said principal," yet Plaintiffs' Petition does not mention in any way how GMAC has claimed to be an agent of a principal.

On page 9 of the Petition, Plaintiffs state that [s]ince the entity now claiming agency to represent the holder of the security instrument is not the original lender, Petitioner has reason to believe that the promissory note . . . was converted to a security and sold into a special purpose vehicle."  See Petition, p. 9, ll. 234-236.  Plaintiffs' Petition does not identify who this entity is, how they have claimed an agency and how any of these allegations relate to GMAC. Plaintiffs state that "[n]othing in the pleadings of Defendants indicates the existence of special purpose vehicle . . .," yet GMAC has not yet filed any pleading in this action so Plaintiffs' reference here cannot be explained or understood.

The remainder of the Petition is equally baffling, containing references to alleged improper conduct engaged in by "Agent," "Lender" and "Defendants" without any mention of the identity of these entities or individuals.  The Petition includes a section titled "Equitable Tolling for TILA and RESPA," in which Plaintiffs contend that the "limitations period for Petitioners' damages claims under TILA and RESPA should be equitably tolled due to the Defendants' misrepresentations and failure to disclose." See Petition, p. 14, ll. 378-380.  This statement is followed by what appears to be excerpts from a brief referencing Ninth Circuit law relating to when it is appropriate to equitably toll the statute of limitations under TILA and RESPA.  See Petition, p. 14-15, ll. 378-411.  This discussion makes no sense in the middle of Plaintiffs' Petition and is an issue that should only be addressed in the event that GMAC raises a statute of limitations defense, which has not yet occurred.  Plaintiffs' recitation of what it believes the law is relating to the statute of limitations for TILA and RESPA is not a short and concise statement of any claim against GMAC, and is not something to which GMAC can reasonably respond to in an answer or other responsive pleading.

Plaintiffs engage in improper briefing in their Petition in the section titled "Sufficiency of Pleading," which appears on page 19.  This section has also been copied from a brief submitted in the Ninth Circuit in an apparent response to a motion to dismiss some other plaintiff's complaint due to a failure to comply with Rule 8.  See Petition, p. 19, ll. 521-536. This recitation of Plaintiffs' view of the law is not appropriate in an initial complaint and violates Rule 8.

On page 21 of the Petition, Plaintiffs again insert sections from a California brief into their complaint, arguing that they properly pled a claim for breach of the implied covenant

of good faith and fair dealing. See Petition, pp. 21-22, ll. 591-627. This section includes a statement of case law relating to the existence of an implied covenant of good faith and fair dealing in contracts, as well as a discussion of how this covenant arises in insurance contracts. See Petition, p. 22, ll. 599-603. Why Plaintiffs believe that this law or insurance contracts are relevant here is unfathomable. After reciting California law, Plaintiffs embark in a discussion about the "special relationship" that exists between an unidentified Agent and an unidentified borrower and discusses when a fiduciary duty arises between parties. See Petition, p. 22, ll. 604-612. Not only is it impossible to know who the Agent referenced is from this section, it is impossible to understand how the issue of a fiduciary duty relates to the implied covenant of good faith and fair dealing

With respect to the remaining alleged claims asserted in the Petition, they also fail under Rule 8 no matter how liberally viewed. On page 18 of the Petition, Plaintiffs purport to assert a claim for unjust enrichment against "each and all of the Defendants." Plaintiffs then claim that Agent, Lender, servicers and "all participants" were unjustly enriched. Since GMAC is the only named defendant in this action, these allegations and how they relate to GMAC make no sense.

Plaintiffs also purport to assert a claim for quiet title commencing in page 18 of the Petition that reads like a brief in response to a motion to dismiss such a claim. In this section, Plaintiffs discuss why it is they have properly averred a claim for quiet title, yet fail to identify the basis for such a claim. See Petition, pp. 18-19, ll. 506-520. At the end of this section, Plaintiffs state that they have "properly pled all Defendants' involvement in a fraudulent scheme," and cite to case law relating to when a plaintiff is entitled to damages for conspiratorial

conduct. See Petition, p. 19, ll. 515-521.  Given that GMAC is the only defendant identified in this action, Plaintiffs' contention that "all Defendants are liable for the acts of its co-conspirators," makes no sense.  See Petition, p. 19, ll. 514.

The remainder of Plaintiffs' Petition is equally confusing.  A section titled "Causes of Action" is provided commencing on page 19 of the Petition, and it is impossible to tell who Plaintiffs are suing and how GMAC fits into the picture.

Importantly, the Petition is almost completely devoid of any actual factual allegation relating to the interaction that allegedly occurred between Plaintiffs and GMAC that resulted in harm.  On page 1 of the Petition, Plaintiffs state that they entered into a consumer contract for the refinance of a primary residence.  With the exception of this statement, Plaintiffs fail to identify in any manner how it is that they came to enter into this agreement or what GMAC specifically did to them.  The Petition is nothing more than a set of rambling accusations about the mortgage industry that are not tied in any manner to GMAC.  GMAC is entitled to be provided with a basic understanding of the basis for Plaintiffs' claims as well as a statement of those claims that is in a form that is concise and understandable and to which GMAC can respond appropriately.  Plaintiffs' complete failure to comply with the pleading requirements set forth in the Federal Rules is grounds for dismissal of their Petition.

**B.     Plaintiffs' Petition Fails To Plead Fraud With Particularity As Required Under Fed.R.Civ.P. 9(b)**

Plaintiffs' Petition also fails to comply with Rule 9(b) of the Federal Rules and should be dismissed on this basis as well.

Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed.R.Civ.P. 9(b).  "Rule 9(b)

supplements 8(a) in setting forth the pleading requirements" under the Federal Rules of Civil Procedure. United States v. Envirocare of Utah, Inc., No. 09-4079, 2010 WL 3025021, at * 6, (10th Cir. Aug. 4, 2010). The purpose of the rule is to provide a defendant fair notice of the plaintiff's claims and the factual ground upon which they are based. Envirocare, 2010 WL 3025021, at *7. A complaint must provide enough information to support a plausible inference that a false act occurred. Id. at * 8. To this end, federal courts require that in alleging fraud, a plaintiff must identify the who, what, where and how of the alleged claim or the time, place, content and consequences of the fraudulent conduct. Id. at *7.

While Plaintiffs' Petition states numerous times that "Defendants," "Lender," "Agent" and others committed fraud, the Petition lacks any specific explanation of the conduct purportedly engaged in by GMAC giving rise to a claim for fraud. Nowhere in the Petition is there a reference to conduct by GMAC that constituted fraud. Rather, the Petition is replete with general statements relating to actions undertaken by all mortgage lenders without any specific discussion of what GMAC allegedly did to Plaintiffs that constituted fraud. It is impossible to tell who committed a fraud against Plaintiffs because of the references to numerous players in the mortgage industry. The Petition ascribes no specific conduct to GMAC supporting a fraud claim. Additionally, the Petition does not identify when GMAC allegedly engaged in fraudulent conduct.

The inadequate nature of Plaintiffs' fraud claims is particularly evident at several points in the Petition. On page 9, Plaintiffs claim that "Defendants" by and through "Defendants' Agents" conspired with other "Defendants, et al, toward a criminal conspiracy to defraud Petition." See Petition, p. 9, ll. 246-247. The Petition states that the conspiracy included

"common law fraud" and "fraud by non-disclosure," yet there are no allegations supporting who, what, where, when, why and how this alleged fraud occurred.

Likewise, on page 21 of the Petition, Plaintiffs purport to assert a claim for fraud against "Agents," yet it is unclear whether GMAC is one of the "Defendants" or one of the "Agents." After setting out a series of very general statements about the "Agents" alleged improper conduct, Plaintiffs then appear to confuse themselves with "Defendants" for purposes of stating a claim. Plaintiffs claim that the unidentified "Agents" made wrongful misrepresentations to "Defendants." See Petition, p. 21, ll. 579-80. Plaintiffs also claim that as a result of "Agents' breach of duty and all other actions as alleged herein, Defendants has (sic) suffered severe emotional distress, mental anguish, harm," etc. See Petition, p. 21, ll. 269-590. These statements make no sense and do not provide GMAC with an understanding of what actions it took that were purportedly fraudulent and harmed Plaintiffs.

A Rule 9(b) claimant "must know what his claim is when he files it." Farlow v. Peat, Marwick, Mitchell & Co., 956 F.2d 982, 990 (10th Cir. 1992). Plaintiffs' Petition falls far short of this requirement containing only general and unintelligible statements regarding alleged fraud claims. Absent more, Plaintiffs' Petition (as well as the duplicative Petition for Restraining Order and Petition for Temporary Injunction) fails to comply with Fed.R.Civ.P. 9(b) and should be dismissed as a result.

### III.   CONCLUSION

WHEREFORE, for the foregoing reasons, GMAC requests that the Court dismiss Plaintiffs' Petition and strike the Petition for Restraining Order and Petition for Temporary Injunction which have merely been excerpted from the Petition. Since Plaintiffs' Petition should

be dismissed, Plaintiffs have no basis for seeking injunctive relief against GMAC at the present time nor is it possible to respond to these additional "Petitions" because, they, too, are incomprehensible and duplicative of the "Original Petition." The Petition fails to comply with Rule 8 and Rule 9(b) of the Federal Rules of Civil Procedure and, as a result, has failed to provide GMAC with fair notice of the claims being asserted by Plaintiffs and the basis for those claims. GMAC requests such further and different relief as the Court deems proper.

Respectfully submitted this 20th day of September, 2010.

LOWE, FELL & SKOGG, LLC

*s/ Karen L. Brody*
Karen L. Brody
370 Seventeenth Street, Suite 4900
Denver, Colorado 80202
Phone:  720.359.8200
Fax:  720.359.8201
Email:  kbrody@lfslaw.com

ATTORNEYS FOR THE DEFENDANT

## CERTIFICATE OF SERVICE

    I hereby certify that on the 20th day of September, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    ffcon@centurytel.net

    *s/ Anne Van Teyens*