# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-01906-REB-MEH

DAVID AND CATHERINE BRACKHAHN,

      Plaintiffs,

v.

GMAC MORTGAGE, LLC,

      Defendant.

---

# SCHEDULING ORDER

---

## 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

Initial conference was held telephonically on October 14, 2010; follow-up conference held telephonically on October 26, 2010.

*The Plaintiffs (pro se)*
David and Catherine Brackhahn
122 Clearwater Drive
Pagosa Springs, Colorado  81147
Telephone:  970-264-4923
Email: ffcon@centurytel.net

*Attorney for Defendant, GMAC Mortgage, LLC*
Karen L. Brody, #27215
Lowe, Fell & Skogg, LLC
370 Seventeenth Street, Suite 4900
Denver, Colorado 80202
Telephone:   (720) 359-8200
Email: kbrody@lfslaw.com

## 2. STATEMENT OF JURISDICTION

The Plaintiff believes that the Court has jurisdiction of this action pursuant to the Real Estate Settlement Procedures Act (12 U.S.C. § 2605), Regulation X at 24 C.F.R. § 3500, *et seq.*, Truth-In-Lending-Act (15 U.S.C. §§ 1601, *et seq.*) and Fair Debt Collection Practices Act (15 U.S.C. § 1692e). Defendant GMAC Mortgage, LLC ("GMAC") is unable to determine whether this Court has jurisdiction over this action because it is GMAC's position that the Plaintiffs have failed to file an intelligible complaint that complies with the requirements of Fed.R.Civ.P. 8 and 9(b). GMAC cannot determine the nature of the Plaintiffs' claims from their Complaint or the parties against which the Plaintiffs seek relief.

## 3. STATEMENT OF CLAIMS AND DEFENSES

**a.    Plaintiffs:**

The Plaintiffs obtained a loan from GreenPoint Mortgage for the refinance of their residence located in Pagosa Springs, Colorado (the "Property") in the approximate amount of $442,000.00 that is allegedly secured by a deed of trust. GMAC is the alleged Servicer for the loan. GMAC commenced foreclosure proceedings against the Property and the Plaintiffs objected to these proceedings based on a number of theories.

The Plaintiffs contend that:

-    GMAC is not the original lender and has no legal standing to bring collection or foreclosure claims against the Property;

-    GMAC, the alleged "Servicer," is not a real party in interest in any contract pursuant to a claim against the property;

-    GMAC has no valid liens against the Property;

2

- GreenPoint Mortgage extended a loan to Plaintiffs based on GreenPoint's fraudulent conduct as well as breaches of contractual and fiduciary obligations;

- Original "Lender," GreenPoint Mortgage Funding, Inc, became extinct in 2007;

- GMAC's alleged "assignment" allonge from Assignor, Mortgage Electronic Registration Systems, Inc. (MERS), which was "acting solely as nominee" for the original "Lender" (GreenPoint) is dated April 29, 2010 and is defective on its face;

- GMAC's attorney, Castle, Meinhold & Stawiarski, LLC, acting as a debt collector, executed June 8, 2009 and filed June 15, 2009 a "NOTICE OF ELECTION AND DEMAND FOR SALE BY PUBLIC TRUSTEE," which started foreclosure procedures against Plaintiffs' Property;

- Alleged Assignee GMAC started foreclosure against Plaintiffs in June of 2009;

- GMAC obtained alleged "standing" to bring the foreclosure action by the "assignment" allonge executed in April of 2010, approximately 10 months after GMAC initiated the foreclosure;

- GMAC, the "Servicer," received unjust enrichment in the amount of 5% of each payment made late;

- GreenPoint and MERS and their alleged "assignee," GMAC, profited by handling the foreclosure process on a contract which lender designed to have

3

a high probability of default;

- This system, as set up, was intended to defraud investors by converting the promissory note into a security instrument (MBS) (REMIC) and selling the same to the investors;

- The Defendant, GMAC, was part of and has participated in the use of "robo-signers" to proffer false and misleading evidence under penalty of perjury.


**b.   Defendant:**

The Defendant, GMAC, has requested that the Court dismiss the Plaintiffs' Complaint pursuant to Rule 8 and 9(b) of the Federal Rules of Civil Procedure.  GMAC contends that even if the Complaint is liberally construed because the Plaintiffs are not represented by counsel, the Complaint does not remotely satisfy the requirement for concise pleading in Rule 8, nor does the Complaint plead fraud with particularity as is required.

GMAC's specific defenses under Rule 8 and 9(b) are identified in the Motion to Dismiss filed on September 20, 2010.  By way of summary, GMAC contends that the Complaint does not identify the parties and is unclear as to whom, exactly, the Plaintiffs seek to sue in this action.  Although GMAC is the only named Defendant identified in the caption, the Complaint makes repeated references to multiple "Defendants" yet no other parties have been named in the lawsuit.  Additionally, in the Complaint, the Plaintiffs have ascribed numerous allegations of wrongdoing against not only "Defendants" but also "Lender" and "agents," but these parties are not identified with any specificity.

GMAC also contends that the Complaint contains an editorial about the problems

4

with the mortgage industry that fails to include a short and concise statement of any claim showing

that the Plaintiffs are entitled to relief.  The complaint also fails to provide GMAC with fair notice

of the claims asserted.  There is a general lack of explanation of the most basic facts giving rise to

any cognizable claim for relief.  Importantly, the Complaint is almost completely devoid of any

actual factual allegation relating to the interaction that allegedly occurred between the Plaintiffs and

GMAC that resulted in harm.

Lastly, the Plaintiffs appear to have asserted a variety of fraud claims, but have not

identified the who, what, where and how of the alleged claims or the time, place, content and

consequences of the fraudulent conduct.  The Complaint includes many general and conclusory

statements about fraud but does not actually specify the conduct that GMAC purportedly engaged

in giving rise to a claim for fraud.

## 4.      UNDISPUTED FACTS

The following facts are undisputed:

-        The Plaintiffs executed with the original Lender, GreenPoint, a note and deed

of trust for the Property.

## 5.      COMPUTATION OF DAMAGES

Plaintiff:   The Plaintiffs seek to recover monetary damages in the amount of

$1,304,041.07 as well as punitive damages equal to $3,912,123.21.  While GMAC is not making

a claim for damages at the present time, GMAC may seek recovery of its attorney fees and costs as

permitted under any applicable law, including but not limited to the law relating to the filing of a

frivolous and groundless lawsuit.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND
## MEETING UNDER FED.R.CIV.P. 26(f)

a.      Date of Rule 26(f) meeting:  October 14, 2010 by telephone with follow up conference on October 26, 2010.

b.      Names of each participant and party he/she represented.

David and Catherine Brackhahn (Representing Plaintiffs)

Karen L. Brody (Representing GMAC)

c.      Statement as to when Rule 26(a)(1) disclosures were made or will be made.

**The parties disagree as to the date on which Rule 26(a)(1) disclosures will be made.**

The Plaintiffs request that they make their Rule 26(a)(1) disclosures on or before December 30, 2011 which is approximately 13 months after the October 14, 2010 Rule 26(f) conference.

The Defendant states that it will make its Rule 26(a)(1) disclosures on or before November 5, 2010.  Plaintiffs will make their Rule 26(a)(1) disclosures on or before November 12, 2010.

d.      Proposed changes, if any, in timing or requirement of disclosures under Fed.R.Civ.P. 26(a)(1).

None.

e.      Statement concerning any agreements to conduct informal discovery:

None.

f.      Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

6

The parties will have serial numbering of exhibits to depositions. The parties will agree to electronic transmission of otherwise verifiable documents.  As the parties determine the specific discovery required they will look for ways to reduce the cost of discovery.

g.      Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The Plaintiffs anticipate that the claims and defenses will involve extensive electronically stored information.   The Defendants do not anticipate that the claims and defenses will involve extensive electronically stored information.

h.      Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

GMAC has asked the Plaintiffs whether they are willing to consider entering into a loan modification to address the default that presently exists under their promissory note and have also asked whether the Plaintiffs have any interest in pursuing a short sale of the Property.  The Plaintiffs have indicated that they are not presently interested in pursuing these options and intend to proceed with the litigation.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a.      Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

None are presently proposed by either party.

b.      Limitations which any party proposes on the length of depositions.

Seven (7) hours per deponent.

c.      Limitations which any party proposes on the number of requests for production and/or requests for admission.

Thirty (30) per party.

d.      Other Planning or Discovery Orders

None are presently proposed by either party.

## 9. CASE PLAN AND SCHEDULE

a.      Deadline for Joinder of Parties and Amendment of Pleadings:

December 18, 2010.

b.      Discovery Cut-off:

April 29, 2011.

c.      Dispositive Motion Deadline:

May 27, 2011

d.      Expert Witness Disclosure

1.      The parties shall identify anticipated fields of expert testimony, if any.

The Defendant and Plaintiffs anticipate at the present time that they may require expert testimony in the field of securitization and pooling of loans as well as an

8

expert in the field of lending practices.  Both parties may also require an expert to establish the chain of title for the note and deed of trust at issue in this matter.

          2.        Limitations, which the parties propose on the use or number of expert witnesses.

          The parties have not identified any such limitations at the present time.

          3.        **The parties disagree on the date of designation of expert witnesses.** The parties should designate all experts and provide opposing counsel and any *pro se* parties with all information specified in Fed.R.Civ.P. 26(a)(2) on or before March 15, 2011.

          4.        **The parties disagree on the date of designation of rebuttal experts.** The parties should designate all rebuttal experts and provide opposing counsel and any *pro se* party with information specified in Fed.R.Civ.P. 26(a)(2) on or before April 15, 2011.

          e.        Identification of Persons to Be Deposed:

          All of the parties to be deposed by the Plaintiffs are not known at this time and are expected to be revealed as discovery progresses.

          GMAC intends to depose the Plaintiffs and will require seven hours for each deposition.  GMAC intends to depose any expert witness identified by the Plaintiffs.  GMAC will complete these depositions before the discovery deadline.   GMAC may require additional depositions based on the Plaintiffs' disclosures and written discovery responses.

          f.        Deadline for Interrogatories:

          The parties shall submit written interrogatories no later than 33 days prior to the close of discovery.

g.      Deadline for Requests for Production of Documents and/or Admissions:

The parties shall submit requests for production of documents and/or admissions no later than 33 days prior to close of discovery.

## 10. DATES FOR FURTHER CONFERENCES

a.      A settlement conference will be held upon request of the parties.  It is hereby ordered that all settlement conferences that take place before the magistrate judge shall be confidential.

( )      *Pro se* parties and attorneys only need be present.

(X)      Pro se parties, attorneys, and client representatives with authority to settle must be present. (NOTE: This requirement is not fulfilled by the presence of counsel. If an insurance company is involved, an adjustor authorized to enter into settlement must also be present.)

(X)      Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before one week prior to the conference, outlining the facts and issues, as well as the strengths and weaknesses of their case.

b.      Status conferences will be held in this case at the following dates and times:

c.      A final pretrial conference will be held in this case on July 25, 2011 at 9:45 o'clock a.m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than five (5) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a.      Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

The parties were unable to reach a resolution on the following discovery or scheduling issues:

b.      Anticipated length of trial and whether trial is to the court or jury.

Presently 5 days to a jury.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion of substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this

case.

## 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order is preliminary, and may be amended by stipulation where appropriate, or upon motion and for good cause.

DATED this 3rd day of November, 2010 in Denver, Colorado.

BY THE COURT:


 S/Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

APPROVED:
David Brackhahn
Catherine Brackhahn
122 Clearwater Drive
Pagosa Springs, Colorado 81147
Telephone:  (970) 264-4923
*Plaintiffs*

Karen L. Brody
370 Seventeenth Street, Suite 4900
Denver, Colorado 80202
Telephone: (720) 359-8200
Email: kbrody@lfslaw.com
*Counsel for Defendant GMAC Mortgage, LLC*