## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Civil Action No. 10-cv-01906-REB-MEH**

DAVID AND CATHERINE BRACKHAHN,

     Plaintiffs,

v.

GMAC MORTGAGE, LLC,

     Defendant.

---

## REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' "ORIGINAL PETITION"/COMPLAINT

---

      Defendant GMAC Mortgage, LLC ("GMAC"), through its counsel, Lowe, Fell & Skogg, LLC, submits the following reply in support of its Motion to Dismiss Plaintiffs' "Original Petition" Pursuant to Fed.R.Civ.P. 8 and 9(b).

### I.    INTRODUCTION

      The Plaintiffs' response to GMAC's Motion to Dismiss repeats the confusing allegations and statements made in their "Original Petition"/Complaint without providing any clarification as to who is being sued, why and for what as is required under Fed.R.Civ.P. 8.   Instead of correcting the problems with their Complaint, the Plaintiffs have merely repackaged in summary paragraph form the lengthy assertions that they originally made, appended some of the paragraphs with excerpts from various briefs and case law from foreign jurisdictions that are irrelevant in the context of an initial pleading, and then engaged in ad hominem attacks against GMAC and its counsel.   The Plaintiffs' explanation of their claims does not change the fact that their

Complaint does not contain short and plain statements of the claims or allegations that are simple, concise and direct.  It is impossible for GMAC to understand what claims Plaintiffs are bringing and the conduct that GMAC allegedly engaged in that supports such claims based on their Complaint.  Moreover, while the Plaintiffs' Complaint is replete with allegations of fraud, GMAC cannot tell who committed the fraud, the nature of the fraud and when the fraud occurred as is required under Fed.R.Civ.P. 9(b).  Under these circumstances, a dismissal of the Plaintiffs' Complaint is warranted.

## II.    ARGUMENT

Absent from the Plaintiffs' response is any discussion of the requirements of Fed.R.Civ.P. 8(a), or an explanation as to how they satisfied these requirements. The Plaintiffs' efforts to explain their claims do not change the fact that under Rule 8, a pleading such as a complaint is to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and that "[f]ailure to comply with Rule 8(a)(2) may result in dismissal." Fisher v. United Feature Syndicate, Inc., 37 F.Supp.2d 1213, 1216 (D. Colo. 1999).  The purpose of the rule is "to compel a plaintiff to identify the relevant circumstances which he claims entitle him to relief in such a manner that the defendant is provided with fair notice so as to enable him to answer and prepare for trial." Barsella v. U.S., 135 F.R.D. 64, 66 (S.D.N.Y. 1991). As the Barsella court found:

> However, '[c]omplaints which ramble, which needlessly speculate, accuse and condemn, and which contain circuitous diatribes far removed from the heart of the claim do not comport with these goals and this system' and must be dismissed.

Barsella, 135 F.R.D. at 66 (citations omitted).

While pleadings prepared by pro se litigants are to be construed liberally, a court cannot create special rules for a pro se litigant or assume the role of advocate. <u>Fisher</u>, 37 F.Supp.2d at 1216. When a complaint contains long, repetitive, rambling paragraphs and conclusory allegations, the complaint may be dismissed under Rule 8, even if drafted by a pro se litigant. <u>Id.</u> As set forth in the Defendants' Motion to Dismiss and below, the Plaintiffs' Complaint falls squarely within the boundaries of prohibited pleading under Rule 8 and should be dismissed.

## A. The Complaint Does Not Identify In An Understandable Manner Whom They Are Suing

GMAC demonstrated in its Motion to Dismiss that the Plaintiffs' Complaint fails to clearly identify whom they seek to sue in this action. The Plaintiffs' response does not correct this problem, but only supplies further confusion.

For example, paragraph 1 of the Plaintiffs' response contains a significant inconsistency in the entity that purportedly charged false fees. The Plaintiffs state in paragraph 1 "that Defendant charged false fees as stipulated to Plaintiff as listed on the HUD 1 Settlement Statement, included as Exhibit 1." <u>See</u> Response, p. 1. Exhibit 1 attached to the Plaintiffs' response is a copy of a HUD Settlement Statement for the Plaintiffs and identifies the lender as "Greenpoint Mortgage Funding," not GMAC, the only Defendant in this action. Nowhere in the Plaintiffs' Complaint or response is there a suggestion that Greenpoint Mortgage Funding and GMAC are the same or related entities. Thus, it is unclear from the Plaintiffs' response whether they are seeking to sue GMAC or Greenpoint Mortgage Funding, their original lender as evidenced on Exhibit 1.

Paragraph 2 of the response is equally confusing.  The Plaintiffs state that they "calculated the precise amount that Plaintiff would have overpaid the note had Plaintiff paid off the note as stipulated by the Truth In Lending Statement provided by Defendant (see Exhibit 2)."  See Response, p. 1.  Exhibit 2 referenced by the Plaintiffs is a Truth In Lending Disclosure Statement that again identifies Greenpoint Mortgage Funding as the lender, not GMAC.  Exhibits 1 and 2 relied on by the Plaintiffs suggest that the party against whom they have a possible claim is Greenpoint Mortgage Funding, not GMAC.  The Plaintiffs' response fails to explain why it is that a HUD Settlement Statement and Truth In Lending Disclosure Statement relating to a transaction between the Plaintiffs and Greenpoint Mortgage Funding establishes a cause of action against GMAC.

The remainder of the Plaintiffs' response is also replete with confusing statements as to whom the Plaintiffs intend to sue in this action.  In paragraph 13, the Plaintiffs contend that the "original lender overpaid the loan originator, with fees improperly charged to Plaintiff at closing in order to induce the originator of the loan to breach his fiduciary duty to Plaintiff."  See Response, p. 5.  Given that the Plaintiffs acknowledge that Greenpoint Mortgage Funding was the original lender (by attaching Exhibits 1 and 2 to their response and in their statement of undisputed facts in the Scheduling Order entered in this action), it is unclear what it is that the Plaintiffs believe GMAC did wrong.  By the Plaintiffs' own admission in their response, Greenpoint Mortgage Funding was the original lender, not GMAC.  To the extent that the Plaintiffs are attempting to clarify their claims in this case in paragraph 13, it appears that they

are stating claims against Greenpoint Mortgage Funding, not GMAC.  Paragraphs 15, 16, and 17 are similarly confusing.  In these paragraphs, the Plaintiffs appear to be taking issue with the conduct of the original lender, Greenpoint Mortgage Funding, not with GMAC.  See Response, p. 6.  Paragraphs 21 through 27 suffer from the same problem.  These paragraphs do not clarify the Plaintiffs' alleged claims against GMAC. Rather they purport to identify claims against the "lender" which the Plaintiffs acknowledge was Greenpoint Mortgage Funding.

**B.**   **The Plaintiffs' Discussion About The Statute Of Limitations And Equitable Tolling Is Irrelevant**

Not only have the Plaintiffs failed to make clear who it is they are suing in this action, the Plaintiffs' response includes an extraneous discussion as to why they believe that their claims are not barred by the applicable statutes of limitations.  It appears that the Plaintiffs may fear that they have a statute of limitations problem with their claims, although they do not say so with certainty in either their Complaint or response. The Plaintiffs apparently contend that if they do have a statute of limitations problem, the applicable time period should be equitably tolled.  These paragraphs do not articulate a claim for relief against GMAC.  The question of whether or not the Plaintiffs' claims are time-barred is not yet before the Court. The running of a statute of limitations is a defense to be raised in response to a claim for relief and because it is impossible to understand the Plaintiffs' claims in the first place, GMAC has not yet answered the Complaint or asserted this affirmative defense in this action.  The Plaintiffs' references to cases in various foreign jurisdictions relating to the question of

whether the statute of limitations has run are legal argument, not concise allegations relating to GMAC's purported conduct giving rise to claims for relief.

Plaintiffs' discussion of penalties under the Real Estate Settlement Procedures Act ("RESPA") in paragraphs 28 through 30 of their response does not correct the deficiencies in their Complaint either.  In these paragraphs, the Plaintiffs merely state what they believe their damages are in this case, but provide no concise statement of what GMAC did to violate RESPA.  Indeed, these paragraphs do not include a single allegation relating to GMAC and conduct giving rise to a RESPA claim against GMAC.  In paragraph 31, the Plaintiffs claim that their "lender" intended to defraud them.  Since their lender was not GMAC, it is impossible to determine whether the Plaintiffs intend to seek the damages identified in this paragraph from GMAC or from an entity that is not a party to this action.

Paragraph 33 of the Plaintiffs' response, titled "Ongoing Criminal Conspiracy" is nothing more than an argumentative lecture.  This is a civil court, and the Plaintiffs' suggestion that they have the right to assert criminal claims here is meritless.  The paragraph contains a series of rhetorical questions and accusations against GMAC without identifying in any manner the circumstances that entitle the Plaintiffs to relief against GMAC.

In sum, the Plaintiffs' response fails to establish that the requirements of Rule 8 should be ignored and that GMAC should be required to have to attempt to defend itself in this action.  The only thing that is clear when the Complaint is viewed in

conjunction with the Plaintiffs' response is that GMAC has not been provided with fair notice of the Plaintiffs' claims so that it can answer and prepare for trial.

**C.      The Plaintiffs Have Failed To Establish Compliance With Rule 9(b)**

Not only does the Plaintiffs' response perpetuate the confusion in their Complaint, it fails to show that they have pled fraud with particularity as is required under Fed.R.Civ.P. 9(b).   The Plaintiffs' response, like their Complaint, states repeatedly that the "lender" and "Defendants" and various others engaged in fraudulent conduct, the Plaintiffs have never identified who exactly committed the fraud – GMAC or some other entity – and never articulated in a comprehensible manner any particulars associated with the alleged fraud.  For example, in paragraph 3 of their response, the Plaintiffs claim that the "Defendants acted in concert and collusion, one with the other, in an organized scheme…."  There is only one Defendant in this case, GMAC.  Thus, the Plaintiffs' contention that the Defendants acted in collusion makes no sense and does not give GMAC any insight into the particulars of the alleged fraud claim asserted by the Plaintiffs.

In paragraph 2 of their response, the Plaintiffs claim that they dealt with unnamed "licensed professionals."   In paragraph 10, they claim that these individuals engaged in fraud.  The Plaintiffs fail to identify whether GMAC is allegedly one of the "licensed professionals" with whom they dealt.  The Plaintiffs provide no insight into the names of these professionals.  The Plaintiffs fail to identify when it is that they had dealings with them, the substance of these dealings or how these individuals perpetuated a fraud on them.

In paragraph 13, the Plaintiffs claim that the "original lender" overpaid the "loan originator" and that this constituted "common law fraud."  It is undisputed that the original lender is Greenpoint Mortgage Funding, not GMAC.  The Plaintiffs fail to identify how conduct between Greenpoint Mortgage Funding and the unidentified loan originator constitutes common law fraud on the part of GMAC.

**D.     The Plaintiffs' Offer To Provide A More Definite Statement Will Not Address The Problems In Their Complaint**

After failing to demonstrate that they have complied with either Rule 8 or 9(b), the Plaintiffs attempt to save their Complaint by offering to provide a more definite statement for the court.   Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."   Fed.R.Civ.P. 12(e).  Relief under Rule 12(e) is typically sought when additional facts are needed to respond to a pleading or when a party has taken the Rule 8(a) requirement of providing a short and plain statement of the claim too far and provided allegations that "are too general or indefinite to inform the defendant of the nature of the charge leveled at him or to prepare his defense...."  Gulf Coast W. Oil Co. v. Trapp, 165 F.2d 343, 348 (10th Cir. 1948).  Under these circumstances, a defendant may require that the plaintiff provide additional information through a motion for a more definite statement of fact.

GMAC did not file a motion for a more definite statement under Rule 12(e) and does not seek relief under this rule because additional information will not fix the flaws in the Plaintiffs' Complaint.  The Plaintiffs' Complaint is not lacking in information or definiteness.  This is not a situation in which a complaint is simply ambiguous, or

where a plaintiff has provided too little detail such that the shortcomings can be corrected by clarifying certain allegations or statements or adding information.  The Complaint is lacking in a coherent statement of the actions that GMAC allegedly engaged in that give rise to cognizable claims for relief.  It is riddled with hyperbole, editorial comments, excerpts from cases and briefs and other statements that do not identify how it is that GMAC allegedly harmed them.  Adding information to the Plaintiffs' already unintelligible Complaint will only result in further confusion.

In fact, it is clear from the Plaintiffs' own offer to provide a more definite statement that if they are given leave to do so, the problems with their Complaint will remain.  In paragraph 32 of their response, the Plaintiffs indicate that they should be given leave to prepare a more definite statement because

> Subsequent to the filing of the original complaint, Plaintiff has made inquiry and found evidence of knowing and deliberate criminal acts by lenders, intended to defraud Plaintiff of Plaintiff's property, and Plaintiffs are prepared to file a more definite statement with the court.

See Response, p. 10.  If allowed to make a more definite statement, the Plaintiffs intend to provide more of the same accusatory diatribes about the lending industry that will not clarify in any manner the claims against which GMAC must defend in this action.

### III.    CONCLUSION

This is not a situation in which a pro se litigant has merely provided a complaint that is not in the right form or has failed to state claims in an artful manner. GMAC fully appreciates that as a general rule a pro se complaint should be liberally construed and all possible inferences are to be drawn in favor of a pro se plaintiff.  This

does not mean, however, that the Plaintiffs are entitled to submit an incoherent pleading that includes a lengthy and accusatory lecture on the evils of the mortgage industry, wholesale excerpts from cases and briefs, legal argument, and references to alleged wrongful conduct by lenders, agents, trustees, appraisers, multiple defendants (when there is only one named defendant in this action) and to then take the position that GMAC has fair notice of what this lawsuit is about.  Accordingly, GMAC requests that the Court dismiss the Plaintiffs' Complaint pursuant to Fed.R.Civ.P. 8(a) and 9(b).

Respectfully submitted this 19th day of November, 2010.

LOWE, FELL & SKOGG, LLC

*s/ Karen L. Brody*
Karen L. Brody
370 Seventeenth Street, Suite 4900
Denver, Colorado 80202
Phone:  720.359.8200
Fax:  720.359.8201
Email:  kbrody@lfslaw.com

ATTORNEYS FOR THE DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of November, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.  I served a copy of the foregoing by placing a true and correct copy of the same in the United States mail, postage prepaid addressed to:

Catherine Brackhahn
122 Clearwater Drive
Pagosa Springs, CO  81147

David Brackhahn
122 Clearwater Drive
Pagosa Springs, CO  81147

*s/ Anne Van Teyens*