FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 20 2010

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01906-REB-MEH

David Brackhahn, and

Catherine Brackhahn,

    Plaintiffs,

v.

GMAC MORTGAGE, LLC,

Defendant.

---

**PLAINTIFFS' NOTICE of Defendant's non-compliance with duties under FED.R.CIV.P. 26(a)(1); Plaintiff's Motion to compel compliance; Plaintiff's Motion for enlargement of time/modification of case management schedule; Certificate of Mailing**

---

Come now, David and Catherine Brackhahn, Plaintiffs, and NOTICE the court of Defendant's manifest noncompliance with disclosure duties pursuant to FED. R.CIV.P 26(a)(1).

Plaintiffs requested specific names and contact information of GMAC witnesses/signators and others who clearly have information that will lead to the discovery of evidence admissible at trial when Plaintiffs submitted Plaintiff's 26(a)(1) Disclosures. Plaintiffs have duly attempted to "work this out" directly with Defendants to no avail. (see attachment 1)

Defendants have been 100% non-responsive to Plaintiff's demand for fairness and completeness in disclosures. Plaintiffs are prejudiced because now, in two days, the deadline looms for joinder of parties and amendment of Plaintiff's complaint. Because Defendants have not provided the

necessary initial disclosures timely, Plaintiffs are without the means to properly so amend Plaintiff's pleadings timely. Plaintiff's are also without the initial information necessary and due them to proceed with other discovery tools to meaningfully prepare their case for trial, as the information is exclusively within the custody and control of the Defendants, and being *concealed.*

Especially egregious is the non-disclosure of the signators upon the questionable assignment produced in Bankruptcy Court alleging to have assigned the deed of trust by MERS to GMAC many months *after* GMAC's attorneys certified to the state court GMAC was the holder (see attachment 2) resulting in an oas for GMAC. The reasonable person understands that Plaintiffs must be given the information necessary to "find" these persons whose testimony contradicts that of GMAC's state-case attorneys (Castle, Meinhold, & Stawiarski). Additionally, these witnesses and/or the attorneys who filed contradictory claims may reasonably need to be joined as additional defendants. Without contact information, Plaintiffs are prejudicially denied the ability to amend their complaint to reflect same and to serve the appropriate persons.

Wherefore, Plaintiffs move the court for an order to compel Defendant to disclose, by a time certain, the names and contact information of those identified in the Plaintiff's prior request (attachment 1).

Plaintiffs further move the court for a modification of the case management schedule so that the Brackhahns have sufficient time following receipt of the initial disclosures avoided by Defendant GMAC to prepare any necessary amendments or joinders and to properly have same served.

It would be manifestly unfair to hold Plaintiff's to the schedule because Defendants breached known duties of initial disclosures under FED.R.CIV.P 26(a)(1).

Plaintiff's are damaged because they are committed to proceeding in good faith and desire to respect judicial economy. Plaintiffs Move the court to sanction Defendants for this breach of duty which has impacted both the Brackhahns (costs of this motion/mailing, time,...) and perhaps even more egregiously, the resources of the court, where Plaintiff's 26 (a)(1) disclosure requests directly to Defendant have been utterly ignored.

Plaintiffs also move the court for any and all other full relief available to them.

Respectfully Submitted this 16th Day of December, 2010:

_____                    _____
David Brackhahn                            Catherine Brackhahn

This space intentionally left blank.

Certificate of mailing

I certify that on November 12, 2010, I served the foregoing motions and attachments via certified mail, first class pre-paid:

USPS # 7009 0820 0001 8751 8861 upon the attorney for GMAC as follows:

Karen L Brody

370 Seventeenth St., Ste. 4900

Denver, CO 80202

_____

Mailing witness