IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01906-REB-MEH

DAVID BRACKHAHN, and
CATHERINE BRACKHAHN,

      Plaintiffs,

v.

GMAC MORTGAGE LLC CORPORATION SERVICE COMPANY,

      Defendant.

## RECOMMENDATION ON PENDING MOTIONS

Before the Court are Plaintiffs' "Petition for Temporary Injunction" [filed August 10, 2010; docket #2] and Defendants' Motion to Dismiss Plaintiffs' "Original Petition" Pursuant to Fed. R. Civ. P. 8 and 9(b) [filed September 20, 2010; docket #19]. In accordance with 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the matters are referred to this Court for recommendation. The motions are fully briefed, and oral argument would not materially assist the Court in their adjudication. Based on the record contained herein, the Court RECOMMENDS that Defendants' motion be granted in part and denied in part, and that Plaintiff's claims against Defendants be dismissed.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and

**I.      Background**

On August 10, 2010, Plaintiffs, proceeding *pro se*, initiated this action by filing an "Original Petition."  Docket #1.  Plaintiff seeks declaratory and monetary relief for violations of various statutes and common laws pertaining to the foreclosure of their property in Pagosa Springs, Colorado.  Plaintiffs bring claims of breach of fiduciary duty, negligence, negligence per se, fraud, breach of duty of good faith and fair dealing, intentional infliction of emotional distress and violation of the Truth in Lending Act.  In addition to the Original Petition, Plaintiffs filed a Petition for Restraining Order, denied without prejudice by Judge Blackburn, and the present Petition for Temporary Injunction.

On September 20, 2010, Defendant filed the present Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), asserting that Plaintiffs have failed to state claims as required by Fed. R. Civ. P. 8 and 9(b).  Docket #19.  Defendant claims that Plaintiffs' Original Petition is vague, prolix, fails to identify conduct specific to Defendant, and challenges conduct by persons not named in this action.  *Id.*  Plaintiffs counter by essentially restating many of the allegations made in the Original Petition and they attach a "Settlement Statement" and "Truth-in-Lending Disclosure Statement."  *See* docket #28.  Plaintiffs claim that they are "willing to prepare a more definite statement for the court."  *Id.* at 10.  Defendant replies that Plaintiffs fail to rectify the insufficiencies of the Petition and that it must be dismissed for failure to state a claim.

---

recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

## II.  Legal Standards

### A.  Fed. R. Civ. P. 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 1949-51. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 1950.

### B.  Fed. R. Civ. P. 8 and 9(b)

The adequacy of pleadings is governed by Federal Civil Procedure Rule 8(a)(2), which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (internal citations omitted). Determining whether the allegations in a complaint are "plausible" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 129 S.Ct. at 1950. If the "well pleaded facts do not permit the court to infer more than the

mere possibility of misconduct," the complaint should be dismissed for failing to "show[ ] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Iqbal,* 129 S.Ct. at 1950.

For certain claims such as fraud or misrepresentation, a more stringent standard is mandated. Rule 9(b) requires "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The purposes of Rules 8 and 9(b) are "to afford defendant fair notice of plaintiff's claims and the factual ground upon which they are based." *United States ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1172 (10th Cir. 2010).

    C.    Dismissal of a Pro Se Plaintiff's Complaint

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)). A *sua sponte* dismissal "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley*

*v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

### III.   Analysis

Plaintiffs' complaint against GMAC Mortgage alleges generalized complaints concerning banks, mortgage companies, and unidentified "defendants," "agents," a "lender," an "appraiser" and a "trustee." However, the document contains almost no specific factual allegations relating to Plaintiffs' loan or to the foreclosure on their property, particularly concerning the time period and identification of persons participating in the process. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) ("the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims") (emphasis in original).

For example, without identifying any of the following, Plaintiffs claim that "Defendants Agent, appraiser, trustee, Lender, et al, and each of them, owed Petitioner a fiduciary duty of care ..." and "Defendants breached their duties to Petitioner by, *inter alia*, the conduct described above." Docket #1 at 19-20. Plaintiffs name one Defendant, GMAC Mortgage, in this case but bring claims specifically against "Defendants" and "Agent" and allege conspiracy among a "Lender," "Appraiser" and "Trustee" without identifying who the parties are. Moreover, Plaintiffs describe certain "business practices" by the "Defendants" such as "low-documentation/no-documentation loans," "easing of underwriting standards," and "risk layering," but fail to describe how these practices apply to them or to their loan. Rather than setting forth specific harms, the petition appears to be copied perhaps from an internet website.

Thus, any connection among the causes of action Plaintiffs attempt to plead, their generalized complaints about the banking and real estate industries, and the particular facts of their case as it concerns GMAC Mortgage is missing from Plaintiffs' complaint and the petition for preliminary injunction. The Court recommends finding that Plaintiffs have failed to meet the standard set forth under Rule 8(a) for any of their claims raised in the operative Original Petition. Moreover, the Court recommends finding that Plaintiffs have failed to plead fraud with the level of specificity required under the heightened standard of Rule 9(b).

In the present motion, Defendant seeks dismissal of the petition for Plaintiffs' insufficiencies. Dismissal of a case under Fed. R. Civ. P. 12(b)(6) is "a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interests of justice." *Cayman Exploration Corp. v. United Gas Pipe Line,* 873 F.2d 1357, 1359 (10th Cir. 1989). As such, in this jurisdiction, the court typically does not dismiss a claim under Fed. R. Civ. P. 12(b)(6) until the plaintiff has been provided notice and an opportunity to amend the complaint to cure the defective allegations. *See Bellmon,* 935 F.2d at 1109-10. The Court may dismiss "*sua sponte* when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him to amend his complaint would be futile." *Id.* (quoting *McKinney v. Oklahoma,* 925 F.2d 363, 365 (10th Cir. 1991)).

Because it is possible Plaintiffs may cure the pleading deficiencies of their claims against the Defendant, the Court recommends that Plaintiffs be allowed to file an amended complaint, consistent with Fed. R. Civ. P. 8 and 9(b), making clear their allegations in short, plain statements with each claim for relief identified in separate sections. That is, the Plaintiffs must identify the rights they believe were violated, the name of the person or entity which violated that right, exactly what that individual did or failed to do, how the action or inaction of that person or entity is

connected to the violation of the Plaintiffs' rights, and what specific injury Plaintiffs suffered because of the other person's or entity's conduct. *See Ferrell v. Stumpf*, No. 10-1231-PHX-MHM, 2010 WL 3925133, *2 (D. Ariz. Oct. 4, 2010) (unpublished) (citing *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976)). Any amended complaint should focus on facts from which the Court can determine the harm Defendant caused to Plaintiffs and why Plaintiffs are entitled to seek relief for the alleged harms in this Court. *Id.*

## CONCLUSION

In the current Original Petition, the Plaintiffs fail to comply with Rules 8 and 9(b) in stating claims against Defendant upon which relief may be granted. However, the Court believes that amendment is proper under these circumstances. Accordingly, the Court RECOMMENDS that the District Court **grant** Defendants' Motion to Dismiss Plaintiffs' "Original Petition" Pursuant to Fed. R. Civ. P. 8 and 9(b) [filed September 20, 2010; docket #19] without prejudice, **deny** Plaintiffs' "Petition for Temporary Injunction" [filed August 10, 2010; docket #2] as moot, and grant the Plaintiff leave to file an amended complaint in accordance with this Recommendation and all applicable local and federal court rules.

Respectfully submitted at Denver, Colorado, this 29th day of December, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge