FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

MAR - 4 2011

Civil Action No. 10-cv-01906-REB-MEH

GREGORY C. LANGHAM
CLERK

DAVID AND CATHERINE BRACKHAHN, Pro Se

    Plaintiffs,

v,

GMAC MORTGAGE, LLC,

    Defendant.

## PLAINTIFFS' VERIFIED FIRST AMENDED COMPLAINT

COMES NOW, David and Catherine Brackhahn, Pro Se Plaintiffs for cause against the

Defendants as follows:

### I. PARTIES

1. Plaintiffs, DAVID AND CATHERINE BRACKHAHN, are the legal and equitable

    owners in possession of real property situated in the County of Archuleta, State of

    Colorado and legally described as:

        lot 21, ECHO LAKE ESTATES, According to plat thereof filed for Record
                July 15, 1981 as reception no. 105427

        With a common address of:  122 Clearwater Drive, Pagosa Springs,
                Colorado (subject property)

2. Defendant, GMAC  MORTGAGE, LLC.

## II.  JURISDICTION AND VENUE

**3.**  Jurisdiction and venue are proper because of the Federal questions and that this claim

is above the required amount [$75,000.00] pursuant to FRCP rule 19.

## III.  GENERAL ALLEGATIONS

**4.**  The use of any deceit in debt collection is prohibited.  The Fair Debt Collection

Practices Act (FDCPA) 15 U.S.C. § 1692 c; The Real Estate Settlement Procedures

Act (RESPA) 12 U.S.C. § 2605(e); 1692 c; Regulation X at 24 C.F.R. § 3500 et seq.;

and the Truth-Lending-Act (TILA) § 1604 (e), 15 U.S.C. § 1601

**5.**  Anything short of full disclosure of all known pertinent facts is designated in law as a

fraud upon the court and renders <u>void</u> any decree thereafter entered.  To simply go

through the form of legalism without a fair disclosure of existing known facts is of no

avail.  *Medina v. Medina,* 22 Colo. 145, 43 P. 1001; *Morton v. Morton,* 16 Colo. 358,

27 P.718

**6.**  In the motion, the Plaintiff must be forthright and explicit in setting forth all pertinent

facts; anything short of full disclosure is a fraud upon the court and renders the

judgment void.  *Mason Jars, Ltd. v. Peterson,* 939 P. 2d 522 (Colo. App. 1997);

*Copinger v. Copinger,* 130 Colo. 175, 274 P. 2d 328 (1954)

**7.**  A false representation by an officer of the court or with assistance by an officer of the

court to mislead the court to an unjust result constitutes fraud on the court.  *Wilson v.*

*Meeks,* 52 F. 3d 1547 (10th Cir. 04/20/1995)

**8.**  Foreclosure sales are invalid where lenders were not assigned ownership of the

mortgage at issue until <u>after</u> the foreclosure sale.  (Massachusetts is a non-judicial

foreclosure state, as is Colorado.) *U.S.Bank Nat'l Ass'n v. Ibanez (Ibanez II)*, Nos.

08 MISC 384283(KCL), 08 MISC 386755(KCL), 2009 WL 3297551 (Mass. Land

CT. 2009)

## IV.   PERTINENT DATE-SPECIFIC, BACKGROUND INFORMATION, AND CHRONOLOGICAL RECORD OF DECEIT AND DISREGARD FOR LAW

9.  **Oct. 9, 2006**...Closed refi loan for $442,000.  Lender was GreenPoint Mortgage.

**Jan. 1, 2007**...GMAC became our servicer.

**Sometime in 2007**...GreenPoint Mortgage ceases to exist.

About 6 months before we missed any payments, and upon seeing our business of 35

years starting to fail, we called GMAC to ask about modifying our loan.  We were

told that they couldn't do anything until we missed payments and were in default.

**Feb. 1, 2009**...Missed first mortgage payment to GMAC. (We had a very high credit

rating at the time and had never missed or been late with payments before, ever.)

**Jun. 15, 2009**...GMAC's attorney, Jeffrey C. Gaston, filed with the Archuleta

County Public Trustee a "STATEMENT BY ATTORNEY FOR QUALIFIED

HOLDER PERSUANT TO 38-38-101,C.R.S."  (SEE EXHIBIT 'A') which started

the foreclosure/sale process with the Public Trustee.  (SEE EXHIBIT 'B')

**Oct. 22, 2009**...Received our notice of Rule 120 Hearing set for 11/13/09.

**Nov. 9, 2009**...Attorney Brunette filed our VERIFIED RESPONSE TO MOTION

FOR ORDER AUTHORIZING SALE.  (SEE EXHIBIT 'C' 1st page only)

He worked mostly *pro bono* on our case, because we could only pay him to prepare

our initial VERIFIED RESPONSE. He did an excellent job of pleading our "threshold issues" such as "real party in interest", "standing" , "transfers", "assignments", and "MERS's lack of beneficial interest and lack of "holder" requirements. He asked for discovery and was denied that. Magistrate James E. Denvir turned a blind eye to our pleadings and issued the order authorizing sale (OAS) by the Public Trustee.

**Apr. 15, 2010**…We filed for Ch. 7 bankruptcy. GMAC was the only creditor. (SEE EXHIBIT 'D')

**May 18, 2010**…We sent GreenPoint, GMAC and GMAC's attorney Castle, Meinhold & Stawiarski, LLC a "Debt Validation Demand" and a "Qualified Written Request" and had it recorded in the public records. (SEE EXHIBIT 'D')

**Jul. 23, 2010**…GMAC's attorney, Britney Beall-Eder, filed the fraudulent, "out of time" assignment into our bankruptcy case. (SEE EXHIBIT 'F') GMAC's Attorney included it in her "LIST OF WITNESSES AND EXHIBITS RE: MOTION FOR RELIEF FROM AUTOMATIC STAY" which she filed in the court and subsequently sent a copy to us. (SEE EXHIBIT 'G' 2 pages) She used that specially-produced, fraudulent document, the "Assignment", to help GMAC procure the "JUDGMENT" to lift the automatic stay in our bankruptcy case. (SEE EXHIBIT 'H')

**Jul. 26, 2010**… The bankruptcy court judge issued the "ORDER GRANTING RELIEF FROM AUTOMATIC STAY" on July 26, 2010.

**Aug. 2, 2010**…Archuleta County Public Trustee restarts the foreclosure/sale process and schedules the sale/auction for Dec. 16, 2010.

**Aug.10, 2010**…Plaintiffs file this federal lawsuit against GMAC MORTGAGE LLC.

**Dec. 9, 2010**...Plaintiffs filed a Notice of Lis Pendens in the county district court (where the original OAS was issued.)  Plaintiffs noticed the court of the new evidence of fraud on the court which turned up in the bankruptcy case and which enabled the GMAC attorneys to lift the stay.  (SEE EXHIBIT 'J' 3 pages)  I also sent GMAC's Attorney law firm Castle, Meinhold & Stawiarski, LLC. and the Attorney General for Colorado, John Suthers, a copy by certified mail with its own cover letter asking him to investigate the fraud.  (SEE EXHIBIT 'K'), and for the letter, (SEE EXHIBIT 'M' 2 pages)   I had the notice of Lis Pendens recorded in the public records and I hand carried a copy of the notice of Lis Pendens to  the Archuleta County Public Trustee.  So far, only one entity has responded to the notice of Lis Pendens and that was a rubber stamped signature form letter from someone in the Attorney General's office.  (SEE EXHIBIT 'N')

## V.  SPECIFIC LAW BREAKING

**On June 15, 2009**

10.  GMAC's attorney, Jeffery C. Gaston, filed an unsupported, and later found to be false, "STATEMENT BY ATTORNEY FOR QUALIFIED HOLDER PURSUANT TO 38-38-101, C.R.S."  (PLEASE SEE EXHIBIT 'A')  In it, he checked the box that named GMAC as "Qualified Holder" "is the holder of the original evidence of debt.  A true and correct copy of the original evidence is attached."  He also checked the box that named GMAC as "Qualified Holder" "is the current beneficiary of the Deed of Trust.  A true and correct copy of the original

evidence of debt is attached hereto." This is plainly a false certification of GMAC's "holder" status. It was done deceitfully, knowingly, and intentionally, in order to deprive us of our property through fraud on the court in our Rule 120 hearing. It was done to allow GMAC to procure an Order Authorizing Sale of our property in front of magistrate judge James E. Denvir.

## On Nov. 9, 2009

11. Attorney Brunette filed our VERIFIED RESPONSE TO MOTION

FOR ORDER AUTHORIZING SALE. (SEE EXHIBIT 'C' 1st Page only)

He worked mostly *pro bono* on our case because we could only pay him to do our initial VERIFIED RESPONSE. He did an excellent job of pleading our "threshold issues" such as "real party in interest", "standing", "transfers", "assignments", and "MERS's lack of beneficial interest and lack of "holder" requirements. He asked for discovery and was denied that. Magistrate James E. Denvir intentionally waived our challenge to GMAC's real party/standing, and turned a blind eye to our pleadings and instead issued the order authorizing sale (OAS) by the Public Trustee.

## On Jul. 23, 2010

12. GMAC's attorney, Britney Beall-Eder, filed the fraudulent "out of time" assignment into our bankruptcy case. (SEE EXHIBIT 'F') GMAC's Attorney included it in her "LIST OF WITNESSES AND EXHIBITS RE: MOTION FOR RELIEF FROM AUTOMATIC STAY" which she filed in the court and sent a copy to us. (SEE EXHIBIT 'G' 2 pages)   She used that specially-produced fraudulent document, the

"Assignment", to help GMAC procure the "JUDGMENT" to lift the automatic stay

in our bankruptcy case. (SEE EXHIBIT 'H')

13.  Please (SEE EXHIBIT 'J')   This is the alleged "ASSIGNMENT OF DEED OF

TRUST".  **First,** notice that it says it was executed from MERS to GMAC on April

29, 2010.  That was approximately 10 ½ months **after** GMAC started the

Foreclosure by recording the spurious certification of holder status for GMAC  by

Attorney Gaston on **June 15, 2009**.  GMAC is claiming this "assignment" gives

them "holder" status as of **April 29, 2010** so that they can lift the stay in the

bankruptcy court. **Second,** GreenPoint Mortgage ceased to exist sometime in 2007.

GMAC has never produced a document showing the transfer from GreenPoint to

MERS or GMAC.  **Third,** the document was <u>executed</u> on April 29, 2010 but not

<u>signed</u> until May 20, 2010.  Where is "Sandy Broughton's" power of attorney?  Can

she prove she is an officer or employee of MERS?  Where is the authentication for

her position with MERS and her authority to act as agent for MERS?  It appears

that this document is fraudulent on its face.

14.  The "Statement" by Attorney Jeffrey Gaston for Qualified Holder Pursuant to C.R.S.

38-38-101 filed in the Rule 120 action on or about June 15, 2009, identified "GMAC

Mortgage, LLC" as the current beneficiary of the Deed of Trust (SEE EXHIBIT

'A'), and stated that a true and correct copy  of the recorded Deed of Trust was

attached.  In direct contradiction of this Statement, the only Deed of Trust filed

herein was the Deed of Trust recorded with the Archuleta County Clerk and

Recorder at Reception No.  20609983 on October 13, 2006, which named

GreenPoint Mortgage Funding, Inc. ("GreenPoint") as the nominal "lender," and

identifies Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary of the Deed of Trust. Although the Deed of Trust also states that MERS is the beneficiary"…solely as nominee for the Lender and Lender's successors and assigns….", there is no claim in the Statement of the person who claims to be the Qualified holder under C.R.S. 38-38-100.3(20) and 38-38-101 that there was any assignment of the Deed of Trust from MERS or GreenPoint to anyone, including GMAC, and there was no claim or evidence of any such assignment in the records of the Archuleta County Clerk and Recorder. The only recorded interests in the Deed of Trust are those of MERS and GreenPoint, in direct contradiction of the assertion in the "Statement" of Qualified Holder that GMAC is the beneficiary of the Deed of Trust. GMAC appears nowhere on any recorded interests affecting the subject property, nor on the Deed of Trust or the Note.

15. GMAC's Attorney, Mr. Gaston, by certifying his client as holder at the time the Rule 120 action, was started, did so deceitfully, as proven by GMAC's own Document which Attorney Beall-Eder later revealed in the bankruptcy court. It proves that there had been no assignment of mortgage to make GMAC holder at the time of the foreclosure (debt collection) action.

16. The certifying by Mr. Gaston to the Public Trustee and to the State Court of GMAC as the holder at the time of the foreclosure (Rule 120) action deprived Plaintiffs of their property, peace of mind, well being, and good health, as well as marketable title for years, based on that false certification.

**RELIEF**

WHEREFORE, For the reasons set forth in paragraphs 1 through 16 inclusive, Plaintiffs;

**1.)** Seek punitive and/or exemplary damages in an amount sufficient to ensure
GMAC Mortgage, LLC. ceases its behavior of foreclosing as holder, when
documentation proves otherwise.  Such behavior not only unlawfully disposes
homeowners of their greatest  asset unconscionably, but clogs court calendars.
It is a tort upon public resources and a violation by attorneys of duty to respect
Judicial resources.

**2.)** Seek treble damages for fraud in the amount of the Note.

**3.)** Seek a declaration that the title to the subject property is vested in Plaintiffs'
alone and that Defendants(s) herein and each of them, be declared to have no
estate, right, title, or interest in the subject property and that said Defendant(s),
each of them, be forever enjoined from asserting any estate, right, title or interest
in the subject property adverse to Plaintiffs herein.

**4.)** Seek an order compelling said Defendant(s) and each of them to transfer legal
title of the subject property to Plaintiffs herein.

**5.)** Any such other relief the court may deem proper.

We, David Brackhahn and Catherine Brackhahn do affirm under penalty of perjury that

the aforestated is true, correct, and not meant to be misleading.


Respectfully Submitted,


_____          _____
David Brackhahn                                      Catherine Brackhahn


David Brackhahn                                      Catherine Brackhahn

122 Clearwater Dr.                                    122 Clearwater Dr.

Pagosa Springs, Colorado, 81147              Pagosa Springs, Colorado, 81147

(970) 264-4923                                          (970) 264-4923



## ACKNOWLEDGEMENT

State of Colorado

                              ss

County of Archuleta


On this 3rd ____ Day of March _____ 2011, The above signed, David Brackhahn
and Catherine Brackhahn, the living flesh and blood man and woman, did appear before
me, a notary public, in and for the State of Colorado, who is personally known by me or
upon proper oath and identification, affirm his/her signatures and the contents herein to
be true, correct, and complete to the best of his/her knowledge and belief, and not meant
to be misleading.

Valerie A. Lucas
My commission expires- 03/29/2014

Civil Action No.  10-cv-01906

## CERTIFICATE OF MAILING

The undersigned hereby certifies that on 3/3/11, a copy of the document, **Plaintiffs'**

**Verified First Amended Complaint**, including exhibits and certificate of mailing, was

mailed postage prepaid, return receipt requested, to the recipients listed below.


UNITED STATES DISTRICT COURT   Mailed UPS "Overnight"

DISTRICT OF COLORADO

901  19th Street, Rm. A-105

Denver, Colorado  80294

---

         USPS Certif. of Mailing No.

Karen Brody, Esq.       7009 0820 0001 8451 8915

LOWE, FELL, & SKOGG, LLC   Sent by certified mail, return receipt requested

370  17th Street, Suite 4900

Denver, Colorado  80202

---

**STATEMENT BY ATTORNEY FOR QUALIFIED HOLDER PURSUANT TO 38-38-101, C.R.S.**

I, _____#40389_____, of Castle Meinhold & Stawiarski, LLC as attorneys for GMAC Mortgage, LLC ("Qualified Holder"), provide the below Statement to the County Public Trustee of Archuleta County, Colorado, that the following is true and correct, to the best of our knowledge, following reasonable inquiry:

Check applicable boxes:

☑ 1.   GMAC Mortgage, LLC ("Qualified Holder") is the holder of the original evidence of debt. A true and correct copy of the original evidence of debt is attached hereto.

✓ 2.   GMAC Mortgage, LLC ("Qualified Holder") is the current beneficiary of the Deed of Trust. A true and correct copy of the recorded Deed of Trust is attached hereto.

   3.   GMAC Mortgage, LLC ("Qualified Holder") is one of the following entities described in Section 38-38-100.3 (20), C.R.S.:

   ☐   (a). A bank, as defined in section 11-101-401(5), C.R.S.;
   ☐   (b). An industrial bank, as defined in section 11-108-101(1) C.R.S.;
   ☐   (c). A federally chartered savings and loan association doing business in Colorado or a savings and loan association chartered under the "Savings and Loan Association Law", articles 40 to 46 of Title 11, C.R.S.;
   ☐   (d). A supervised lender, as defined in 5-1-301(46) C.R.S., that is licensed to make supervised loans pursuant to 5-2-302 C.R.S., that is either (I) a public entity, defined as an entity that has issued voting securities that are listed on a national securities exchange registered under the Federal "Securities Exchange Act of 1934" as amended, or (II) an entity in which all of the outstanding voting securities are held, directly or indirectly, by a public entity;
   ☐   (e). An entity in which all of the outstanding voting securities are held, directly or indirectly, by a public entity also owning, directly or indirectly, all of the voting securities of a supervised lender, as defined in Section 5-1-301(46) C.R.S., that is licensed to make supervised loans pursuant to Section 5-2-302 C.R.S.;
   ☑   (f). A Federal Housing Administration approved mortgagee;
   ☐   (g). A federally chartered credit union doing business in Colorado or a state chartered credit union, as defined in Section 11-30-101 C.R.S.;
   ☐   (h). An agency of the federal government;
   ☐   (i). An entity created or sponsored by the federal or state government that originates, insures, guarantees, or purchases loans or a person acting on behalf of such an entity to enforce an evidence of debt or deed of trust securing an evidence of debt; or
   ☐   (j). Any entity listed in paragraphs (a) to (i) of this subsection (20) acting in the capacity of agent, nominee except as otherwise specified in subsection (10) of this section, or trustee for another person.

   4.   The Qualified Holder of the evidence of debt agrees that it is obligated to indemnify and defend any person liable for repayment of any portion of the original evidence of debt in the event that the original evidence of debt is presented for payment to the extent of any amount other than the amount of a deficiency remaining under the evidence of debt after deducting the bid amount at sale, and any person who sustains a loss due to any title defect that results from reliance upon a foreclosure sale at which the original evidence of debt was not presented, subject to the limitations set forth in 38-38-101 (2) (a)-(c), C.R.S.

GMAC Mortgage, LLC
QUALIFIED HOLDER/CURRENT HOLDER OF THE EVIDENCE OF DEBT

_____
Name and Title of Agent or Officer of Qualified Holder

1100 Virginia Drive
Fort Washington, PA 19034
Address of Qualified Holder

_____        Jeffrey C. Gaston
Signature                                            #40389
Castle Meinhold & Stawiarski, LLC
Attorneys for GMAC Mortgage, LLC

Grantor: David L. Brackhahn and Catherine W. Brackhahn
Date of Deed of Trust:     October 9, 2006
Recording Date of Deed of Trust: October 13, 2006
Recording Information:     at Reception No. 20609983
County: Archuleta

Brackhahn / 09-11716

EXHIBIT
A



**COMBINED NOTICE OF SALE AND RIGHT TO CURE AND REDEEM**
**FORECLOSURE NUMBER 102-2009**

To whom it may concern: This Notice is given with regard to the following described Deed of Trust:

Public Trustee's Foreclosure Sale No. 102-2009 was commenced on 06/15/2009 in the office of the undersigned Public Trustee relating to the Deed of Trust described below:

| | |
|---|---|
| Original Grantor(s): | David L. Brackhahn and Catherine W. Brackhahn |
| Original Beneficiary: | Mortgage Electronic Registration Systems, Inc., as nominee for GreenPoint Mortgage Funding, Inc. |
| Current Holder of Evidence of Debt: | GMAC Mortgage, LLC |
| Date of Deed of Trust: | 10/09/2006 |
| County of Recording: | Archuleta |
| Recording Date of Deed of Trust: | 10/13/2006 |
| Reception No.: | 20609983 |
| Original Principal Balance: | $442,000.00 |
| Outstanding Principal Balance: | $471,245.20 |

Pursuant to C.R.S. §38-38-101(4)(i), you are hereby notified that the covenants of the deed of trust have been violated as follows: Failure to pay principal and interest when due together with all other payments provided for in the Evidence of Debt secured by the Deed of Trust and other violations thereof.

**THE LIEN FORECLOSED MAY NOT BE A FIRST LIEN.**

**THE PROPERTY DESCRIBED HEREIN IS ALL OF THE PROPERTY CURRENTLY ENCUMBERED BY THE LIEN OF THE DEED OF TRUST.**

LOT 21, ECHO LAKE ESTATES, ACCORDING TO THE PLAT THEREOF FILED FOR RECORD JULY 15, 1981 AS RECEPTION NO. 105427.

**WHICH HAS THE ADDRESS OF: 122 Clearwater Dr, Pagosa Springs, CO 81147**

### NOTICE OF SALE

The current holder of the Evidence of Debt secured by the Deed of Trust described herein, has filed written election and demand for sale as provided by law and in said Deed of Trust.

THEREFORE, Notice Is Hereby Given that I will at public auction at 10:00 A.M. on Thursday, 10/15/2009 at 449 San Juan St., Pagosa Springs, CO 81147 sell to the highest and best bidder for cash, the said real property and all interest of the said Grantor(s), Grantor(s)' heirs and assigns therein, for the purpose of paying the indebtedness provided in said Evidence of Debt secured by the Deed of Trust, plus attorneys' fees, the expenses of sale, and other items allowed by law, and will deliver to the purchaser a Certificate of Purchase, all as provided by law.

| | |
|---|---|
| First Publication: | 08/27/2009 |
| Last Publication: | 09/24/2009 |
| Name of Publication: | Pagosa Springs Sun |

### NOTICE OF RIGHTS

YOU MAY HAVE AN INTEREST IN THE REAL PROPERTY BEING FORECLOSED, OR HAVE CERTAIN RIGHTS OR SUFFER CERTAIN LIABILITIES PURSUANT TO COLORADO STATUTES AS A RESULT OF SAID FORECLOSURE. YOU MAY HAVE THE RIGHT TO REDEEM SAID REAL PROPERTY OR YOU MAY HAVE THE RIGHT TO CURE A DEFAULT UNDER THE DEED OF TRUST BEING FORECLOSED. A COPY OF SAID STATUTES, AS SUCH STATUTES ARE PRESENTLY CONSTITUTED, WHICH MAY AFFECT YOUR RIGHTS, IS ATTACHED TO ALL MAILED COPIES OF THIS NOTICE. HOWEVER, YOUR RIGHTS MAY BE DETERMINED BY PREVIOUS STATUTES.

**A NOTICE OF INTENT TO CURE FILED PURSUANT TO C.R.S. §38-38-104 SHALL BE FILED WITH THE PUBLIC TRUSTEE AT LEAST FIFTEEN (15) CALENDAR DAYS PRIOR TO THE FIRST SCHEDULED SALE DATE OR ANY DATE TO WHICH THE SALE IS CONTINUED.**

**A NOTICE OF INTENT TO REDEEM FILED PURSUANT TO C.R.S. §38-38-302 SHALL BE FILED WITH THE PUBLIC TRUSTEE NO LATER THAN EIGHT (8) BUSINESS DAYS AFTER THE SALE.**

DATE: 06/15/2009
Betty A. Diller
Public Trustee of Archuleta County, State of Colorado

By: Debora A. Switala, Deputy Public Trustee



| County of Recording: | Archuleta |
| --- | --- |
| Recording Date of Deed of Trust: | 10/13/2006 |
| Reception No.: | 20609983 |
| Original Principal Balance: | $442,000.00 |
| Outstanding Principal Balance: | $471,245.20 |

Pursuant to C.R.S. §38-38-101(4)(i), you are hereby notified that the covenants of the deed of trust have been violated as follows: Failure to pay principal and interest when due together with all other payments provided for in the Evidence of Debt secured by the Deed of Trust and other violations thereof.

**THE LIEN FORECLOSED MAY NOT BE A FIRST LIEN.**

**THE PROPERTY DESCRIBED HEREIN IS ALL OF THE PROPERTY CURRENTLY ENCUMBERED BY THE LIEN OF THE DEED OF TRUST.**

**LOT 21, ECHO LAKE ESTATES, ACCORDING TO THE PLAT THEREOF FILED FOR RECORD JULY 15, 1981 AS RECEPTION NO. 105427.**

**WHICH HAS THE ADDRESS OF: 122 Clearwater Dr, Pagosa Springs, CO 81147**

## NOTICE OF SALE

The current holder of the Evidence of Debt secured by the Deed of Trust described herein, has filed written election and demand for sale as provided by law and in said Deed of Trust.

THEREFORE, Notice Is Hereby Given that I will at public auction at 10:00 A.M. on Thursday, 10/15/2009 at 449 San Juan St., Pagosa Springs, CO 81147 sell to the highest and best bidder for cash, the said real property and all interest of the said Grantor(s), Grantor(s)' heirs and assigns therein, for the purpose of paying the indebtedness provided in said Evidence of Debt secured by the Deed of Trust, plus attorney's fees, the expenses of sale, and other items allowed by law, and will deliver to the purchaser a Certificate of Purchase, all as provided by law.

| First Publication: | 08/27/2009 |
| --- | --- |
| Last Publication: | 09/24/2009 |
| Name of Publication: | Pagosa Springs Sun |

## NOTICE OF RIGHTS

YOU MAY HAVE AN INTEREST IN THE REAL PROPERTY BEING FORECLOSED, OR HAVE CERTAIN RIGHTS OR SUFFER CERTAIN LIABILITIES PURSUANT TO COLORADO STATUTES AS A RESULT OF SAID FORECLOSURE. YOU MAY HAVE THE RIGHT TO REDEEM SAID REAL PROPERTY OR YOU MAY HAVE THE RIGHT TO CURE A DEFAULT UNDER THE DEED OF TRUST BEING FORECLOSED. A COPY OF SAID STATUTES, AS SUCH STATUTES ARE PRESENTLY CONSTITUTED, WHICH MAY AFFECT YOUR RIGHTS, IS ATTACHED TO ALL MAILED COPIES OF THIS NOTICE. HOWEVER, YOUR RIGHTS MAY BE DETERMINED BY PREVIOUS STATUTES.

**A NOTICE OF INTENT TO CURE FILED PURSUANT TO C.R.S. §38-38-104 SHALL BE FILED WITH THE PUBLIC TRUSTEE AT LEAST FIFTEEN (15) CALENDAR DAYS PRIOR TO THE FIRST SCHEDULED SALE DATE OR ANY DATE TO WHICH THE SALE IS CONTINUED.**

**A NOTICE OF INTENT TO REDEEM FILED PURSUANT TO C.R.S. §38-38-302 SHALL BE FILED WITH THE PUBLIC TRUSTEE NO LATER THAN EIGHT (8) BUSINESS DAYS AFTER THE SALE.**

DATE: 06/15/2009

Betty A. Diller
Public Trustee of Archuleta County, State of Colorado

By: Debora A. Switala, Deputy Public Trustee



The name, address and telephone number of the attorney(s) representing the legal holder of the indebtedness is:

| | | |
| --- | --- | --- |
| Cristel D. Shepherd #39351 | Jeffrey C. Gaston #40389 | William L. Foster #38341 |
| Caren Jacobs Castle #11790 | Deanne R. Stodden #33214 | Elizabeth S. Marcus #16092 |
| Barbara Bader #10394 | Jennifer C. Rogers #34682 | Britney Beall-Eder #64935 |
| P.C. Wolf #34797 | Katharine E. Fisher #39230 | Lauren R. Smith #39316 |
| Jeremy D. Peck #36588 | | |

Castle, Meinhold & Stawiarski LLC 999 18TH ST., #2201, DENVER, CO 80202 (303) 865-1400

**The Attorney above is acting as a debt collector and is attempting to collect a debt. Any information provided may be used for that purpose.**

Attorney file number: 09-11716



| DISTRICT COURT, ARCHULETA COUNTY, COLORADO<br>Court Address:  449 San Juan Street, 1st Floor, P. O. Box 148<br>Pagosa Springs, CO    81147 | |
|---|---|
| IN THE MATTER OF THE MOTION OF GMAC MORTGAGE, LLC FOR AN ORDER AUTHORIZING THE PUBLIC TRUSTEE TO SELL CERTAIN REAL ESTATE UNDER A POWER OF SALE CONTAINED WITHIN A DEED OF TRUST. | ▲ COURT USE ONLY ▲ |
| Attorney:    Stephen A. Brunette<br>             Stephen A. Brunette, P.C.<br>             219 W. Colorado Ave.. Suite 110<br>             Colorado Springs, CO  80903<br>Phone Number:  719-634-7878<br>FAX Number:   719-630-7004<br>E-mail:  stephen@brunettelaw.com<br>Atty. Reg. #: 26387 | Case Number:  2009 CV 224<br><br>Div:   2<br>Ctrm: |
| **VERIFIED RESPONSE TO MOTION FOR ORDER AUTHORIZING SALE** | |

        COME NOW David L. and Catherine W. Brackhahn ("the Brackhahns") legal and equitable owners of the real property that is the subject of this proceeding, by and through Counsel, Stephen A. Brunette, Stephen A. Brunette P.C., and submit the following Response to the Motion for Order Authorizing Sale filed by GMAC Mortgage, LLC ("GMAC").

### I. This Proceeding Must be Dismissed Because GMAC Is Not the Real Party in Interest

        1.       The burden is on GMAC to establish with competent evidence, as a threshold matter, that it is the real party in interest in this proceeding.

        Colorado Rule of Civil Procedure 17(a) requires that every action "be prosecuted in the name of the real party in interest."  The real party in interest is that party who, by virtue of substantive law, has the right to invoke the aid of the court in order to vindicate the legal interest in question. . . .  Implicit in Rule 120 is the requirement that the party seeking an order of sale have a valid interest in the property allegedly subject to the power of sale. <u>Unless the "real party in interest" defense is considered at a Rule 120 hearing, any order for sale might well result in the sale of property in favor of a party who has no legitimate claim to the property at all.  Once a debtor in a Rule 120 proceeding raises the "real party in interest" defense, therefore, the burden should devolve upon the party seeking the order of sale to show that he or she is indeed the real party in interest.</u>

*Goodwin v. District Court*, 779 P.2d 837, 842-843 (Colo. 1989) [Order Authorizing Sale vacated; remanded for determination whether purported assignment of promissory note and deed of trust were invalid due to interlineations, and whether person seeking to foreclose was, if

United States Bankruptcy Court
District of Colorado



Exhibit
D

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below
was filed under Chapter 7 of the United States
Bankruptcy Code, entered on 04/15/2010 at 12:23 PM
and filed on 04/15/2010.

**David Lee Brackhahn**
122 Clearwater Dr.
Pagosa Springs, CO 81147
970-264-4923
SSN / ITIN: xxx-xx-2636

**Catherine Wilson Brackhahn**
122 Clearwater Dr.
Pagosa Springs, CO 81147
970-264-4923
SSN / ITIN: xxx-xx-2530

The bankruptcy trustee is:

**Douglas Larson**
422 White Ave.
Ste. 323
Grand Junction, CO 81501

( ) 970-245-8021

The case was assigned case number 10-18699-SBB to Judge Sidney B. Brooks.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions
against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days
or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to
collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a
lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available
electronically using PACER which can be accessed through our website at http://www.cob.uscourts.gov or at
the Clerk's Office, US Bankruptcy Court, US Custom House, 721 19th St., Denver, CO 80202-2508.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth
important deadlines.

**Bradford L. Bolton**
**Clerk, U.S. Bankruptcy Court**




21003371   5/19/2010 2:15 PM   June Madrid
1 of 17   NTC   R$86.00 D$0.00   Archuleta County

After recording, return to:

DAVID LEE BRACKHAHN
122 Clearwater Dr.
Pagosa Springs, CO 81147
TEL: (970) 264-4923

DATE: _May 18_, 2010

Loan #0090702390/0307726525
APN #570131310007
Legal Description: See Attached Exhibit A

### CONSTRUCTIVE LEGAL NOTICE OF LAWFUL DEBT VALIDATION DEMAND

**Real Estate Settlement Procedures Act (RESPA) 12 U.S.C. § 2605(e);**
Regulation X at 24 C.F.R. § 3500 et seq.
**Truth-In-Lending-Act (TILA)** § 1604(e), 15 U.S.C. §§ 1601 et seq. (1968) and 1692 et seq.
**Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692c**

**GRANTOR(S):   DAVID LEE BRACKHAHN and CATHERINE WILSON BRACKHAHN**
122 Clearwater Dr.
Pagosa Springs, CO 81147

**GRANTEE(S):   GREENPOINT MORTGAGE FUNDING, INC.**
100 WOOD HOLLOW DRIVE
NOVATO, CA 94945
USPS Certified Mail # _7009 2820 0002 5784 3191_

GMAC MORTGAGE / Servicer
3451 HAMMOND AVE.
WATERLOO, IA 50704
USPS Certified Mail # _7009 2820 0002 5784 3184_

CASTLE, MEINHOLD & STAWIARSKI LLC
999 18TH ST., STE. 2201
DENVER, CO 80202
USPS Certified Mail # _7009 2820 0002 5784 3177_

You are now in receipt of this NOTICE under the authority of the Truth-In-Lending-Act (TILA) § 1604(e), 15 U.S.C. §§ 1601 et seq. (1968) and 1692 et seq., and the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692c, and the Real Estate Settlement Procedures Act (RESPA) 12 U.S.C. § 2605(e) and Regulation X at 24 C.F.R. § 3500 regarding loan number 0090702390 / 0307726525. I dispute the alleged mortgage debt in its entirety for being inaccurate and firmly believe that I have had fraud in the factum committed against me for lack of full disclosure by the alleged Lender.

**RECORDER'S NOTE:**
**THIS IS A COPY**

21003371     5/19/2010 2:15 PM        June Madrid
2 of 17   NTC   R$86.00  D$0.00       Archuleta County

## NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT, NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL.

**THIS IS MY "QUALIFIED WRITTEN REQUEST": TILA REQUEST, RESPA REQUEST, COMPLAINT OF PROBABLE FRAUD IN THE FACTUM, DISPUTE OF DEBT & VALIDATION OF DEBT**

Reference:     Alleged Mortgage Loan # 0090702390 / 0307726525
               Private Land & Chattel Property located at
               122 CLEARWATER DR.
               PAGOSA SPRINGS, COLORADO

Attention Authorized Representative for the Above Referenced Companies / Corporations:

After several consultation meetings with Legal Counsel and knowledgeable accountants regarding this matter, I am writing to formally complain about intentional accounting omissions and probable fraud in the factum that took place at the closing in the purchase of my home. I need a clear understanding and clarification (**FULL DISCLOSURE**) of the transactions that occurred at my signing of the initial documents, the funding source, legal and beneficial ownership, charges, credits, debits, transactions, reversals, actions, payments, analyses and records related to the servicing of this account from its origination to the present date.

With our nation's mortgage default crisis and the mortgage scams that have occurred against millions of American families, I am most concerned that potential fraudulent and deceptive practices have been committed against me in the intentional omission of due consideration in the exchange of my promissory note, my signing of the mortgage note and security agreement; including deceptive and fraudulent servicing practices to enhance balance sheets; deceptive, abusive and fraudulent accounting tricks.

I hereby **DEMAND** absolute first-hand evidence from you and/or your legal department with regard to the original signed promissory note and an uncertificated or certificated security concerning account numbers 0090702390 / 0307726525. In the event you refuse or fail to supply me with these documents it will be positive confirmation on your part that GREENPOINT MORTGAGE FUNDING, INC. never really created and owned a security. I also hereby **DEMAND** that a chain of transfer from you to wherever the security is now be promptly sent to me as well. Absent the actual evidence of the security, I have no choice but to dispute the validity of your lawful ownership, funding, entitlement right, and the current debt you allege I owe. By debt, I am referring to the principal balance you claim I owe; the calculated monthly payment, calculated escrow payment and any fees claimed to be owed by you or any trust or entity you may service or subservice for.

**To independently validate this debt, I need to conduct a complete exam, audit, review and accounting of this mortgage account from its inception through the present date. Upon receipt of this QUALIFIED WRITTEN REQUEST, please refrain from reporting any negative credit information [if any] to any credit reporting agency until you respond to each of the requests.**

I also request that you conduct your own investigation and audit of this account since its inception to validate the debt you currently claim I owe. Upon receipt of your answers and production of documents, I will contract with my CPA to do another audit for a secondary validation. I **DEMAND** that you validate this debt so that it is accurate to the penny!

I firmly request that you do not rely on previous servicers or originators records, assurances or indemnity agreements and refuse to conduct a full audit and investigation of this account. I understand that potential abuses by you or previous servicers could have deceptively, wrongfully, unlawfully, and/or illegally:

◊     Increased the amounts of monthly payments.
◊     Increased the principal balance I owe;
◊     Increased escrow payments;

21003371    5/19/2010 2:15 PM        June Madrid
3 of 17    NTC   R$86.00  D$0.00      Archuleta County

◊   <u>Increased the amounts applied and attributed toward interest on this account;</u>
◊   <u>Decreased the proper amounts applied and attributed toward principal on this account;</u>
◊   <u>Assessed, charged and/or collected fees, expenses and misc. charges I am not legally obligated to</u>
<u>pay under this mortgage, note and/or deed of trust.</u>

I **DEMAND** that you demonstrate that I have not been the victim of such predatory, fraudulent servicing or lending practices that have occurred throughout the nation.

To ensure this, I have authorized a thorough review, examination, accounting and audit of mortgage account # 0090702390 / 0307726525 by mortgage auditing and predatory servicing or lending experts. These exam and audit experts will review this mortgage account file from the date of initial contact with the mortgage provider, GREENPOINT MORTGAGE FUNDING, INC., their applications and the origination of this account to the present date.

Again this is a **Qualified Written Request** under the Truth In Lending Act [TILA] 15 U.S.C. § 1601, et seq., the Fair Debt Collection Practices Act (FDCPA) and the Real Estate Settlement Procedures Act ("RESPA"), codified as Title 12 § 2605 (e)(1)(B) (e) and Reg. X § 3500.21(f)2 of the United States Code. TAKE NOTICE that RESPA provides substantial penalties and fines for non-compliance or failure to answer my questions & production of documents as requested in this letter within twenty [20] business days of its receipt.

In order to conduct the examination and audit of this loan, I need to have full and immediate disclosure including copies of all pertinent information regarding this loan. The documents requested and answers to my questions are needed for me and my audit experts to insure that this loan:

1.  Was originated in lawful compliance with all federal and state laws, regulations including, but not limited to TILA, FDCPA, RESPA, HOEPA and other laws;

2.  That any sale or transfer of this account or monetary instrument, was conducted in accordance with proper laws and was a lawful sale with complete disclosure to all parties with an interest;

3.  That the claimed holder in due course of the monetary instrument/deed of trust/asset is holding such note in compliance with statutes, State and Federal laws and is entitled to the benefits of payments;

4.  That all good faith and reasonable disclosures of transfers, sales, Power of Attorney, monetary instrument ownership, entitlements, full disclosure of actual funding source, terms, costs, commissions, rebates, kickbacks, fees etc., were and still are properly disclosed to me;

5.  That each servicer and/or sub-servicers of this mortgage have serviced this mortgage in accordance with statute, laws and the terms of mortgage, monetary instrument/deed of trust;

6.  That each servicer and sub-servicers of this mortgage have serviced this mortgage in compliance with local, state and federal statutes, laws and regulations;

7.  That this mortgage account has properly been credited, debited, adjusted, amortized and charged correctly;

8.  That interest and principal have been properly calculated and applied to this loan;

9.  That any principal balance has been properly calculated, amortized and accounted for; that no charges, fees or expenses, not obligated by me in any agreement, have been charged, assessed or collected from this account;

In order to validate this debt and audit this account, I need copies of pertinent documents to be provided to me. I also need answers, <u>certified</u>, in writing, to various servicing questions. For each record kept on computer or in any other electronic file or format, please provide a paper copy of all information in each field or record in each computer system, program or database used by you that contains any information on this account number or my name.

21003371      5/19/2010 2:15 PM         June Madrid
4 of 17   NTC   R$86.00 D$0.00        Archuleta County

As such, please mail to me, at the address above, copies of the documents requested below as soon as possible. Please provide copies of:

10. Any certificated or uncertificated security, front and back, used for the funding of account # 0090702390.

11. Any and all "Pool Agreement(s)" including account # 0090702390 between GREENPOINT MORTGAGE FUNDING, INC. and GMAC MORTGAGE account # 0307726525 and any government sponsored entity, hereinafter (GSE).

12. Any and all "Deposit Agreement(s)" regarding account # 0090702390 or the "Pool Agreement" including account # 0090702390 between GREENPOINT MORTGAGE FUNDING, INC. and GMAC MORTGAGE account # 0307726525 and any GSE.

13. Any and all "Servicing Agreement(s)" between GREENPOINT MORTGAGE FUNDING, INC. and GMAC MORTGAGE and any GSE.

14. Any and all "Custodial Agreement(s)" between GREENPOINT MORTGAGE FUNDING, INC. and GMAC MORTGAGE and any GSE.

15. Any and all "Master Purchasing Agreement(s)" between GREENPOINT MORTGAGE FUNDING, INC. and GMAC MORTGAGE and any GSE.

16. Any and all "Issuer Agreement(s)" between GREENPOINT MORTGAGE FUNDING, INC. and GMAC MORTGAGE and any GSE.

17. Any and all "Commitment to Guarantee" agreement(s) between GREENPOINT MORTGAGE FUNDING, INC. and GMAC MORTGAGE and any GSE.

18. Any and all "Release of Document agreements" between GREENPOINT MORTGAGE FUNDING, INC. and GMAC MORTGAGE and any GSE.

19. Any and all "Master Agreement(s) for servicer's Principle and Interest Custodial Account(s)" between GREENPOINT MORTGAGE FUNDING, INC. and any GSE.

20. Any and all "Servicers Escrow Custodial Account" between GREENPOINT MORTGAGE FUNDING, INC. and GMAC MORTGAGE and any GSE.

21. Any and all "Release of Interest" agreements between GREENPOINT MORTGAGE FUNDING, INC. and GMAC MORTGAGE and any GSE.

22. Any Trustee agreement(s) between GREENPOINT MORTGAGE FUNDING, INC. and GMAC MORTGAGE trustee regarding account # 0090702390 and or # 0307726525 or pool accounts with any GSE.

23. Please send to the requester a copy of any documentation evidencing any trust relationship regarding the Mortgage/Deed of Trust **and** any Note in this matter.

24. Please send to the requester a copy of any and all document(s) establishing any Trustee of record for the Mortgage/Deed of Trust **and** any Note.

25. Please send to the requester a copy of any and all document(s) establishing the date of any appointment of Trustee for this Mortgage/Deed of Trust **and** any Note. Please also include any and all assignments or transfers or nominees of any substitute trustee(s).

26. Please send to the requester a copy of any and all document(s) establishing any Grantor for this Mortgage/Deed of Trust **and** any Note.

27. Please send to the requester a copy of any and all document(s) establishing any Grantee for this Mortgage/Deed of Trust **and** any Note.

21003371   5/19/2010 2:15 PM          June Madrid
5 of 17   NTC   R$86.00  D$0.00      Archuleta County

28. Please send to the requester a copy of any and all document(s) establishing any Beneficiary for this Mortgage/Deed of Trust **and** any Note.

29. Please send to the requester any documentation evidencing the Mortgage or Deed of trust is **not** a constructive trust or any other form of trust.

30. Please send to the requester a certified copy of the signed promissory note showing the front and back of the document.

31. All data, information, notations, text, figures and information contained in your mortgage servicing and accounting computer systems including, but not limited to Alltel or Fidelity CPI system, or any other similar mortgage servicing software used by you, any servicers, or sub-servicers of this mortgage account from the inception of this account to the date written above.

32. All descriptions and legends of all Codes used in your mortgage servicing and accounting system so that the examiners, auditors and experts retained to audit and review this mortgage account may properly conduct their work.

33. All assignments, transfers, allonges, or other document evidencing a transfer, sale or assignment of this mortgage, deed of trust, monetary instrument or other document that secures payment by me to this obligation in this account from the inception of this account to the present date including any such assignments on MERS.

34. All records, electronic or otherwise, of assignments of this mortgage, monetary instrument or servicing rights to this mortgage including any such assignments on MERS.

35. All deeds in lieu, modifications to this mortgage, monetary instrument or deed of trust from the inception of this account to the present date.

36. The front and back of each and every canceled check, money order, draft, debit or credit notice issued to any servicers of this account for payment of any monthly payment, other payment, escrow charge, fee or expense on this account.

37. All escrow analyses conducted on this account from the inception of this account until the date of this letter;

38. The front and back of each and every canceled check, draft or debit notice issued for payment of closing costs, fees and expenses listed on any and all disclosure statement(s) including, but not limited to, appraisal fees, inspection fees, title searches, title insurance fees, credit life insurance premiums, hazard insurance premiums, commissions, attorney fees, points, etc.

39. Front and back copies of all payment receipts, checks, money orders, drafts, automatic debits and written evidence of payments made by others or me on this account.

40. All letters, statements and documents sent to me by your company;

41. All letters, statements and documents sent to me by agents, attorneys or representatives of your company;

42. All letters, statements and documents sent to me by previous servicers, sub-servicers or others in your account file or in your control or possession or in the control or possession of any affiliate, parent company, agent, sub-servicers, servicers, attorney or other representative of your company.

43. All letters, statements and documents contained in this account file or imaged by you, any servicers or sub-servicers of this mortgage from the inception of this account to present date.

44. All electronic transfers, assignments, sales of the note/asset, mortgage, deed of trust or other security instrument.

45. All copies of my property inspection reports, appraisals, BPOs and reports done on the property.

46.   All invoices for each charge such as inspection fees, BPOs, appraisal fees, attorney fees, insurance, taxes, assessments or any expense, which has been charged to this mortgage account from the inception of this account to the present date.

47.   All checks used to pay invoices for each charge such as inspection fees, BPOs, appraisal fees, attorney fees, insurance, taxes, assessments or any expense which has been charged to this mortgage account from the inception of this account to the present date.

48.   All agreements, contracts and understandings with vendors that have been paid for any charge on this account from the inception of this account to the present date.

49.   All account servicing records, payment payoffs, payoff calculations, ARM audits, interest rate adjustments, payment records, transaction histories, account histories, accounting records, ledgers, and documents that relate to the accounting of this account from the inception of this account until the date of this RESPA request.

50.   All account servicing transaction records, ledgers, registers and similar items detailing how this account has been serviced from the from the inception of this account until the date of this RESPA request.

Further, in order to conduct the audit and review of this account, and to determine all proper amounts due, I need the following answers to questions concerning the servicing and accounting of this mortgage account from its inception to the present date. Accordingly, please provide me, in writing, the answers to the following questions listed below.

## ACCOUNT ACCOUNTING & SERVICING SYSTEMS

51.   Please identify for me each account accounting and servicing system used by you and any sub-servicers or previous servicers from the inception of this account to the present date so that the experts can decipher the data provided. I demand a certified Transaction Chart (T Chart) showing the GAAP journal entries made at the inception.

52.   For each account accounting and servicing system identified by you and any sub-servicers or previous servicers from the inception of this account to the present date, please provide the name and address of the company or party that designed and sold the system.

53.   For each account accounting and servicing system used by you and any sub-servicers or previous servicers from the inception of this account to the present date, please provide the complete transaction code list for each system so that I, and others can adequately audit this account.

## DEBITS & CREDITS

54.   Pursuant to banking law 12 USCA § 1813, please provide me the deposit slip for the alleged borrower's promissory note(s) that were issued to GREENPOINT MORTGAGE FUNDING, INC. for processing through the Federal Reserve Bank in exchange for borrower's credit on October 9, 2006 and deposited on or around November 9, 2006.

55.   In a spreadsheet form or in letter form in a columnar format, please detail for me each and every credit on this account and the date such credit was posted to this account as well as the date any credit was received.

56.   Please provide the order authorizing the withdrawal of funds from the borrower's promissory note deposit account.

57.   In a spreadsheet form or in letter form in a columnar format, please detail for me each and every debit on this account and the date debit was posted to this account as well as the date any debit was received.

21003371      5/19/2010 2:15 PM
7 of 17   NTC   R$86.00 D$0.00       June Madrid
                                     Archuleta County

58. For each debit or credit listed, please provide me with the definition for each corresponding transaction code you utilize?

59. For each transaction code, please provide us with the master transaction code list used by you or previous servicers.

## MORTGAGE & ASSIGNMENTS

60. Has each sale, transfer or assignment of this mortgage, monetary instrument, deed of trust or any other instrument I executed to secure this debt been recorded in the parish/county property records in the parish/county and state in which my land and chattel property is located from the inception of this account to the present date? Yes or No?

61. If not, why?

62. Is your company the servicers of this mortgage account or the holder in due course and beneficial owner of this mortgage, monetary instrument and/or deed of trust?

63. Have any sales, transfers or assignments of this mortgage, monetary instrument, deed of trust or any other instrument I executed to secure this debt been recorded in any electronic fashion such as MERS or other internal or external recording system from the inception of this account to the present date? Yes or No?

64. If yes, please detail for me the names of each seller, purchaser, assignor, assignee or any holder in due course to any right or obligation of any note, mortgage, deed or security instrument I executed securing the obligation on this account that was not recorded in the county records where my property is located whether they be mortgage servicing rights or the beneficial interest in the principal and interest payments.

## ATTORNEY FEES

65. For purposes of my questions below dealing with attorney fees, please consider the terms attorney fees and legal fees to be one in the same.

66. Have attorney fees ever been assessed to this account from the inception of this account to the present date?

67. If yes, please detail each separate assessment, charge and collection of attorney fees to this account from the inception of this account to the present date and the date of such assessment to this account?

68. Have attorney fees ever been charged to this account from the inception of this account to the present date?

69. If yes, please detail each separate charge of attorney fees to this account from the inception of this account to the present date and the date of such charge to this account?

70. Have attorney fees ever been collected from this account from the inception of this account to the present date?

71. If yes, please detail each separate collection of attorney fees from this account from the inception of this account to the present date and the date of such collection from this account?

72. Please provide for me the name and address of each attorney or law firm that has been paid any fees or expenses related to this account from the inception of this account to the present date?

73. Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed which authorized the assessment, charge or collection of attorney fees.

21003371      5/19/2010 2:15 PM        June Madrid
8 of 17    NTC   R$86.00  D$0.00       Archuleta County

74. Please detail and list for me in writing each separate attorney fee assessed to this account and for which corresponding payment period or month such fee was assessed from the inception of this account to present date.

75. Please detail and list for me in writing each separate attorney fee collected from this account and for which corresponding payment period or month such fee was collected from the inception of this account to present date.

76. Please detail and list for me in writing any adjustments in attorney fees assessed and on what date such adjustment was made and the reasons for such adjustment.

77. Please detail and list for me in writing any adjustments in attorney fees collected and on what date such adjustment(s) were made and the reasons for such adjustment(s).

78. Has interest been charged on any attorney fee assessed or charged to this account? Yes or No?

79. Is interest allowed to be assessed or charged on attorney fees charged or assessed to this account? Yes or No?

80. How much in total attorney fees have been assessed to this account from the inception of this account until present date? $_____

81. How much in total attorney fees have been collected on this account from the inception of this account until present date? $_____

82. How much in total attorney fees have been charged to this account from the inception of this account until present date? $_____

83. Please send to me copies of all invoices and detailed billing statements from any law firm or attorney that has billed such fees that have been assessed or collected from this account.

## SUSPENSE/UNAPPLIED ACCOUNTS

For purposes of this section, please treat the term suspense account and unapplied account as one and the same.

84. Have there been any suspense or unapplied account transactions on this account from the inception of this account until present date?

85. If yes, please explain the reason for each and every suspense transaction that occurred on this account? If no, please skip the questions in this section dealing with suspense and unapplied accounts.

86. In a spreadsheet or in letter form in a columnar format, please detail for me each and every suspense or unapplied transaction, both debits and credits that have occurred on this account from the inception of this account until present date.

## LATE FEES

For purposes of my questions below dealing with late fees, please consider the terms late fees and late charges to be one in the same.

87. Have you reported the collection of late fees on this account as interest in any statement to me or to the IRS? Yes or No?

88. Has any previous servicers or sub-servicers of this mortgage reported the collection of late fees on this account as interest in any statement to me or to the IRS? Yes or No?

89. Do you consider the payment of late fees as liquidated damages to you for not receiving payment on time? Yes or No?

21003371      5/19/2010 2:15 PM          June Madrid
9 of 17    NTC   R$86.00  D$0.00         Archuleta County

90. Are late fees considered interest? Yes or No?

91. Please detail for me in writing what expenses and damages you incurred for any payment I made that was late.

92. Were any of these expenses or damages charged or assessed to this account in any other way? Yes or No?

93. If yes, please describe what expenses or charges were charged or assessed to this account.

94. Please describe for me in writing what expenses you or others undertook due to any payment I made, which was late.

95. Please describe for me in writing what damages you or others undertook due to any payment I made which was late.

96. Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed which authorized the assessment or collection of late fees.

97. Please detail and list for me in writing each separate late fee assessed to this account and for which corresponding payment period or month such late fee was assessed from the inception of this account to present date.

98. Please detail and list for me in writing each separate late fee collected from this account and for which corresponding payment period or month such late fee was collected from the inception of this account to present date.

99. Please detail and list for me in writing any adjustments in late fees assessed and on what date such adjustment was made and the reasons for such adjustment.

100. Has interest been charged on any late fee assessed or charged to this account? Yes or No?

101. Is interest allowed to be assessed or charged on late fees charged or assessed to this account? Yes or No?

102. Have any late charges been assessed to this account? Yes or No?

103. If yes, how much in total late charges have been assessed to this account from the inception of this account until present date? $_____

104. Please provide me with the exact months or payment dates you or other previous servicers of this account claim I have been late with a payment from the inception of this account to the present date.

105. Have late charges been collected on this account from the inception of this account until present date? Yes or No?

106. If yes, how much in total late charges have been collected on this account from the inception of this account until present date? $_____

## LAND & CHATTEL PROPERTY INSPECTIONS

107. For purposes of this section property inspection and inspection fee refer to any inspection of property by any source and any related fee or expense charged, assessed or collected for such inspection.

108. Have any property inspections been conducted on my land and chattel property from the inception of this account until the present date?

21003371       5/19/2010 2:15 PM           June Madrid
10 of 17  NTC   R$86.00  D$0.00           Archuleta County

109. If your answer is no, you can skip the rest of these questions in this section concerning property inspections.

110. If yes, please tell me the date of each property inspection conducted on my land & chattel property that is the secured interest for this mortgage, deed or note?

111. Please tell me the price charged for each property inspection.

112. Please tell me the date of each property inspection.

113. Please tell me the name and address of each company and person who conducted each property inspection on my land & chattel property.

114. Please tell me why property inspections were conducted on my property.

115. Please tell me how property inspections are beneficial to me.

116. Please tell me how property inspections are protective of my land & chattel property.

117. Please explain to me your policy on property inspections.

118. Do you consider the payment of inspection fees as a cost of collection? Yes or No?

119. If yes, why?

120. Do you use property inspections to collect debts? Yes or No?

121. Have you used any portion of the property inspection process on my land & chattel property to collect a debt or inform me of a debt, payment or obligation I owe?

122. If yes, please answer when and why?

123. Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed that authorized the assessment or collection of property inspection fees?

124. Have you labeled in any record or document sent to me a property inspection as a miscellaneous advance? Yes or No?

125. If yes, why?

126. Have you labeled in any record or document sent to me a property inspection as a legal fee or attorney fee? Yes or No?

127. If yes, why?

128. Please detail and list for me in writing each separate inspection fee assessed to this account and for which corresponding payment period or month such fee was assessed from the inception of this account to present date.

129. Please detail and list for me in writing each separate inspection fee collected from this account and for which corresponding payment period or month such fee was collected from the inception of this account to present date.

130. Please detail and list for me in writing any adjustments in inspection fees assessed and on what date such adjustment was made and the reasons for such adjustment.

131. Please detail and list for me in writing any adjustments in inspection fees collected and on what date such adjustment was made and the reasons for such adjustment.

132. Has interest been charged on any inspection fees assessed or charged to this account? Yes or No?

133. If yes, when and how much was charged?

21003371      5/19/2010 2:15 PM        June Madrid
11 of 17   NTC   R$86.00  D$0.00       Archuleta County

134. Is interest allowed to be assessed or charged on inspection fees or assessed to this account? Yes or No?

135. How much in total inspection fees have been assessed to this account from the inception of this account until present date? $_____

136. How much in total inspection fees have been collected on this account from the inception of this account until present date? $_____

137. Please forward to me copies of all property inspections made on my property in this mortgage account file.

138. Has any fee charged or assessed for property inspections been placed into escrow account? Yes or no?

## BPO FEES

139. Have any BPOs [Broker Price Opinions] been conducted on my land & chattel property?

140. If yes, please tell me the date of each BPO conducted on my land & chattel property that is the secured interest for this mortgage, deed or note?

141. Please tell me the price of each BPO.

142. Please tell me who conducted each BPO.

143. Please tell me why BPOs were conducted on my land & chattel property.

144. Please tell me how BPOs are beneficial to me.

145. Please tell me how BPOs are protective of my land & chattel property.

146. Please explain to me your policy on BPOs.

147. Have any BPO fees been assessed to this account? Yes or No?

148. If yes, how much in total BPO fees have been assessed to this account? $_____

149. Have any BPO fees been charged to this account? Yes or No?

150. If yes, how much in total BPO fees have been charged to this account? $_____

151. Please tell me specifically what clause, paragraph and sentence in the note, mortgage or deed of trust or any agreement I have executed allows you to assess, charge or collect a BPO fee from me.

152. Please send to me copies of all BPO reports that have been done on my land & chattel property.

153. Has any fee charged or assessed for a BPO been placed into escrow? Yes or no?

## FORCED-PLACED INSURANCE

154. Have you placed or ordered any forced-placed insurance polices on my land & chattel property?

155. If yes, please tell me the date of each policy ordered or placed on my property that is the secured interest for this mortgage, deed or note.

156. Please tell me the price of each policy.

157. Please tell me the agent for each policy.

158. Please tell me why each policy was placed on my land & chattel property.

159. Please tell me how the policies are beneficial to me.

160. Please tell me how policies are protective of my land & chattel property.

21003371    5/19/2010 2:15 PM      June Madrid
12 of 17  NTC  R$86.00 D$0.00      Archuleta County

161. Please explain to me your policy on forced-placed insurance.

162. Have any forced-placed insurance fees been assessed to this mortgage or escrow account? Yes or No?

163. If yes, how much in total forced-placed policy fees have been assessed to this account? $_____

164. Have any forced-placed insurance fees been charged to this mortgage or escrow account? Yes or No?

165. If yes, how much in total forced-placed insurance fees have been charged to this mortgage or escrow account? $_____

166. Please tell me specifically what clause, paragraph and sentence in the note, mortgage or deed of trust or any agreement I have executed allows you to assess, charge or collect forced-placed insurance fees from me.

167. Do you have any relationship with the agent or agency that placed any policies on my land and chattel property? If yes, please describe.

168. Do you have any relationship with the carrier that issued any policies on my land & chattel property? If yes, please describe.

169. Has the agency or carrier you used to place a forced-placed insurance policy on my land & chattel property provided you any service, computer system, discount on policies, commissions, rebates or any form of consideration? If yes, please describe.

170. Do you maintain a blanket insurance policy to protect your properties when customer policies have expired? If yes, please send me a copy of each such policy.

171. Please send to me copies of all forced-placed insurance policies that have been ordered on my land & chattel property.

## SERVICING RELATED QUESTIONS

For each of the following questions listed below, please provide me with a detailed explanation in writing that answers each question. In addition, I need the following answers to questions concerning the servicing of this mortgage account from its inception to the present date. Accordingly, can you please provide me, in writing, the answers to the questions listed below:

172. Did the originator or previous servicers of this account have any financing agreements or contracts with your company or an affiliate of your company?

173. Did the originator of this account or previous servicers of this account have a warehouse account agreement or contract with your company?

174. Did the originator of this account or previous servicers of this account receive any compensation, fee, commission, payment, rebate or other financial consideration from your company or any affiliate of your company for handling, processing, originating or administering this loan? If yes, please describe and itemize each and every form of compensation, fee, commission, payment, rebate or other financial consideration paid to the originator of this account by your company or any affiliate.

175. Please identify for me where the originals of this entire account file are currently located and how they are being stored, kept and protected?

176. Where is the original monetary instrument (*promissory note*) or mortgage I signed located? Please describe its physical location and anyone holding this note as a custodian or trustee if applicable.

21003371   5/19/2010 2:15 PM        June Madrid
13 of 17   NTC   R$86.00  D$0.00    Archuleta County

177. Where is the original deed of trust or mortgage and note I signed located? Please describe its physical location and anyone holding this note as a custodian or trustee if applicable.

178. Since the inception of this loan, has there been any assignment of my monetary instrument/asset to any other party? If the answer is yes, identify the names and addresses of each and every individual, party, bank, trust or entity that has received such assignment.

179. Since the inception of this loan, has there been any assignment of the deed of trust or mortgage and note to any other party? If the answer is yes, identify the names and addresses of each and every individual, party, bank, trust or entity that has received such assignment.

180. Since the inception of this loan, has there been any sale or assignment of servicing rights to this mortgage account to any other party? If the answer is yes, identify the names and addresses of each and every individual, party, bank, trust or entity that has received such assignment or sale.

181. Since the inception of this loan, have any sub-servicers serviced any portion of this mortgage loan? If the answer is yes, identify the names and addresses of each and every individual, party, bank, trust or entity that have sub-serviced this mortgage loan.

182. Has this mortgage account been made a part of any mortgage pool since the inception of this loan? If yes, identify for me each and every account mortgage pool that this mortgage has been a part of from the inception of this account to the present date.

183. Has each and every assignment of my asset/monetary instrument been recorded in the parish/county land records where the property associated with this mortgage account is located?

184. Has there been any electronic assignment of this mortgage with MERS [Mortgage Electronic Registration System] or any other computer mortgage registry service or computer program? If yes, identify the name and address of each and every individual, entity, party, bank, trust or organization or servicers that have been assigned the mortgage servicing rights to this account as well as the beneficial interest to the payments of principal and interest on this loan.

185. Have there been any investors [as defined in your industry] who have participated in any mortgage-backed security, collateral mortgage obligation or other mortgage security instrument that this mortgage account has ever been a part of from the inception of this mortgage to the present date? If yes, identify the name and address of each and every individual, entity, organization and/or trust involved.

186. Please identify for me the parties and their addresses to all sales contracts, servicing agreements, assignments, allonges, transfers, indemnification agreements, recourse agreements and any agreement related to this account from its inception to the current date written above.

187. Please provide me with copies of all sales contracts, servicing agreements, assignments, allonges, transfers, indemnification agreements, recourse agreements and any agreement related to this account from its inception to the current date written above.

188. How much was paid for this individual mortgage account by you?

189. If part of a mortgage pool, what was the principal balance used by you to determine payment for this individual mortgage loan.

190. If part of a mortgage pool, what was the percentage paid by you of the principal balance above used to determine purchase of this individual mortgage loan.

191. Who did you issue a check or payment to for this mortgage loan?

192. Please provide me copies with the front and back of canceled check.

193. Did any investor approve the foreclosure of my property?

21003371      5/19/2010 2:15 PM          June Madrid
14 of 17  NTC  R$86.00  D$0.00           Archuleta County

194. Has HUD assigned or transferred foreclosure rights to you as required by 12 USC 3754?

195. Please identify all persons who approved the foreclosure of my property!

196. Has GREENPOINT MORTGAGE FUNDING, INC. and/or GMAC MORTGAGE been paid any insurance claim based on requester's alleged default of mortgage agreement?

197. If so, provide the amount of insurance payment collect by GREENPOINT MORTGAGE FUNDING, INC. and/or GMAC MORTGAGE $_____

198. If insurance has been paid, please provide document signed under the penalty of perjury showing where there is still alleged debt owed by David Lee Brackhahn and Catherine Wilson Brackhahn.

Under the Truth In Lending Act [TILA] 15 U.S.C. § 1601, et seq., the Fair Debt Collection Practices Act (FDCPA) and the Real Estate Settlement Procedures Act ("RESPA"), codified as Title 12 § 2605 (e)(1)(B) (e) and Reg. X § 3500.21(f)2 of the United States Code it is mandatory that you provide me full disclosure of the alleged debt that is said to be owed before proceeding any further with your collection action from twenty (20) days of receipt of this QUALIFIED WRITTEN REQUEST. If you do not provide all answers and production of documents requested in this Notice, you will be in fault, admitting no lawful claim and a default will be in order. Your admission of no lawful claim will be the basis for our Right to Cancel. A Notice of Right to Cancel will be issued twenty (20) days from the date of receipt of this CONSTRUCTIVE LEGAL NOTICE.

---

## AFFIDAVIT OF FACT

### 122 CLEARWATER DR.
### PAGOSA SPRINGS, COLORADO

STATE OF COLORADO          )
COUNTY OF ARCHULETA        ) *ss.*

I, David Lee Brackhahn, hereafter Affiant, being of sound mind, competent and able to testify to the accuracy of this Affidavit, hereby confirms that all the facts stated and affirmed herein are true, correct, complete, and not misleading, admissible as evidence, and if testifying shall so state under the penalty of perjury:

1. That, Affiant makes this Affidavit based on first hand knowledge of all the facts stated herein, including the research of federal and state laws and public policy documents that govern monetary instruments related to banking and financial institutions.

2. That, Affiant and his/her spouse, Catherine Wilson Brackhahn did sign alleged loan documents with GREENPOINT MORTGAGE FUNDING, INC. at COLORADO LAND TITLE CO, LLC office in PAGOSA SPRINGS, CO on October 9, 2006 concerning property located at 122 CLEARWATER DR., PAGOSA SPRINGS, COLORADO.

3. That, Affiant and Affiant's spouse, Catherine Wilson Brackhahn, did sign a promissory note and issued to GREENPOINT MORTGAGE FUNDING, INC. for processing on October 9, 2006; the promissory note was for the sum of $442,000.

4. That, Affiant was rushed by GREENPOINT MORTGAGE FUNDING, INC. representatives to sign other alleged closing documents and was not provided time to review or provided a clear understanding of the terms and conditions of these documents that he was requested to sign.

5. That, since the above events and the exposure of this nation's mortgage default crisis, Affiant has recently learned that there has been possible fraud committed against him by GREENPOINT MORTGAGE FUNDING, INC. representatives in withholding FULL DISCLOSURE at the signing of closing documents and that it appears fraud in the factum has been committed against him regarding his signing the mortgage note and Deed of Trust.

21003371      5/19/2010 2:15 PM          June Madrid
15 of 17   NTC   R$86.00 D$0.00          Archuleta County

6. That, Affiant confirms that attorney firm CASTLE, MEINHOLD & STAWIARSKI LLC allegedly hired by GMAC MORTGAGE has issued a Notice of Intent to Foreclose to Affiant dated June 15, 2009.

7. That, Affiant affirms hereby that CASTLE, MEINHOLD & STAWIARSKI LLC does not have first hand knowledge of the probable fraud in the factum committed by their alleged client, GMAC MORTGAGE.

8. That, Affiant confirms and re-affirms his lawful and timely dispute and demands full compliance in providing FULL DISCLOSURE to all requested questions and provide all request for documentation per the LAWFUL DEBT VALIDATION DEMAND annexed hereto and made a part hereof.

9. That, GREENPOINT MORTGAGE FUNDING, INC. registered agent and GMAC MORTGAGE acting as servicer are being served this Affidavit and LAWFUL DEBT VALIDATION DEMAND.

I hereby state that the above is true to the best of my knowledge and understanding.

Date: _____ May 18 ____, 2010        BY: _____

                                     DAVID LEE BRACKHAHN
                                     122 CLEARWATER DR.
                                     PAGOSA SPRINGS, CO 81147
                                     TEL: (970) 264-4923

**Jurat**

State of COLORADO

County of _Archuleta_

Subscribed and sworn to (or affirmed) before me on this _18th_ day of _May_____,

2010 by _David Lee Brackhahn_____, proved to me on the basis of satisfactory

evidence to be the person(s) who appeared before me.

_____        (Seal)
Signature of Notary Public
My Commission Expires 3-31-2014

21003371     5/19/2010 2:15 PM
16 of 17   NTC   R$86.00  D$0.00

June Madrid
Archuleta County

*Carbon Copied:*

**FEDERAL TRADE COMMISSION**
**CONSUMER RESPONSE CENTER**
600 Pennsylvania Avenue NW,
Washington, DC. 20580
Certified Mail # 7009 2820 0002 5784 3252

**OFFICE OF RESPA AND**
**INTERSTATE LAND SALES**
Office of Housing, Room # 9146
Department of Housing and Urban Development
451 Seventh Street, SW,
Washington. D.C. 20410
Certified Mail # 7009 2820 0002 5784 3221

**US DEPARTMENT OF THE TREASURY**
**OFFICE OF COMPTROLLER OF THE**
**CURRENCY**
Customer Assistance Group,
1301 McKinney Street, Suite 3450
Houston, TX 77010
Certified Mail # 7009 2820 0002 5784 3245

**OFFICE OF HOUSING ENTERPRISE**
**OVERSIGHT (OFHEO)**
1700 G Street, NW, 4th Floor
Washington, DC  20552
Certified Mail # 7009 2820 0002 5784 3214

**COLORADO STATE ATTORNEY**
**GENERAL\**
**JOHN W. SUTHERS**
Office of Attorney General
1525 Sherman St.
Denver, Colorado 80203
Certified Mail # 7009 2820 0002 5784 3207

21003371   5/19/2010 2:15 PM      June Madrid
17 of 17   NTC   R$86.00  D$0.00   Archuleta County

## EXHIBIT A

Lot 21, ECHO LAKE ESTATES, according to the plat thereof filed for record July 15, 1981 as Reception No. 105427



## ASSIGNMENT OF DEED OF TRUST

| | |
|---|---|
| Date of Assignment: | April 29, 2010 |
| Assignor: | Mortgage Electronic Registration Systems, Inc. as nominee for GreenPoint Mortgage Funding, Inc. |
| Assignee: | GMAC Mortgage, LLC |
| Date of Deed of Trust: | October 9, 2006 |
| Recording Date: | October 13, 2006 |
| County of Recording: | Archuleta |
| Recorded: | At Reception No. 20609983 |

**KNOW ALL MEN BY THESE PRESENTS** that on, October 9, 2006, David L. Brackhahn and Catherine W. Brackhahn, did grant, bargain, sell and convey the property described in the Deed of Trust to the Public Trustee of the County in which said Deed of Trust was recorded, which property was to be held in trust, by such Public Trustee for the use and benefit of Assignor, to secure the payment of a Promissory Note for the original principal sum of $442,000.00, together with interest.

**NOW THEREFORE**, in consideration of the sum of ten dollars and other valuable consideration, paid to the Assignor, the receipt, adequacy and sufficiency of which is hereby acknowledged, Assignor hereby assigns unto the said Assignee, the said Deed of Trust and note secured thereby, together with all moneys now owing or that may hereafter become due or owing in respect thereof, and the full benefit of all powers and of all the covenants and provisos therein contained, and said Assignor hereby grants and conveys unto the said Assignee, all of Assignor s beneficial right, title and interest, under the Deed of Trust, in and to the following described property, situated in the County of Archuleta, State of Colorado, to wit:

LOT 21, ECHO LAKE ESTATES, ACCORDING TO THE PLAT THEREOF FILED FOR RECORD JULY 15, 1981 AS RECEPTION NO. 105427.

also known by street and number as: 122 Clearwater Dr, Pagosa Springs, CO 81147

**TO HAVE AND TO HOLD** the said Deed of Trust and note, and also the said property unto the said Assignee forever, subject to the terms contained in said Deed of Trust and note.

**IN WITNESS WHEREOF**, the Assignor has executed this assignment the day and year first above written

ASSIGNOR:     Mortgage Electronic Registration Systems, Inc. as nominee for GreenPoint Mortgage Funding, Inc.

By: _____     LT 05-20-10
Name: Sandy Broughton
Title: Assistant Secretary

STATE OF Pennsylvania
COUNTY OF Philadelphia                    } ss.

The foregoing instrument was acknowledged before me on May 20th _____ 2010 by Sandy Broughton as Asst. Secretary of, Assignor.

Witness my hand and seal.
My Commission Expires: July 31st 2013

_____
Notary Public

{SEAL}

Return to:
Bankruptcy Dept., re: 09-11716
Castle Meinhold & Stawiarski, LLC
999 18th St., Ste. 2201
Denver, CO 80202

NOTARIAL SEAL
LISA PROCOPIO
Notary Public
PHILADELPHIA CITY, PHILADELPHIA CNTY
My Commission Expires Jul 31, 2013



UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

In re:

                                                Bankruptcy No. 10-18699-SBB
                                                Chapter 7

DAVID LEE BRACKHAHN, XXX-XX-2636
CATHERINE WILSON BRACKHAHN, XXX-XX-2530
Debtors,

GMAC MORTGAGE, LLC,
Movant,

DAVID LEE BRACKHAHN, XXX-XX-2636
CATHERINE WILSON BRACKHAHN, XXX-XX-2530, and
The Chapter 7 Trustee,
Respondents.

---

## LIST OF WITNESSES AND EXHIBITS RE:
## MOTION FOR RELIEF FROM AUTOMATIC STAY

---

        GMAC MORTGAGE, LLC ("Creditor"), through its attorneys, CASTLE MEINHOLD & STAWIARSKI, LLC. respectfully submits the following list of witnesses and exhibits with regard to the hearing on Movant's Motion for Relief from Automatic Stay:

### I.  WITNESSES

    1.    Stephanie Register, a representative of GMAC MORTGAGE, LLC, to testify to all facts in dispute and to identify and lay the foundation for introduction of all exhibits.

    2.    Debtor DAVID LEE BRACKHAHN, Debtor and Respondent, for cross-examination under the Rules.

    3.    Debtor CATHERINE WILSON BRACKHAHN, Debtor and Respondent, for cross-examination under the Rules.

    4.    Any other Witnesses Respondent may put forward.

    5.    Any other Witnesses necessary for rebuttal.

### II.  EXHIBITS

    A.    Note dated October 06, 2006, executed by DAVID LEE BRACKHAHN AND CATHERINE WILSON BRACKHAHN, to GreenPoint Mortgage Funding, Inc. (true copy attached hereto as Exhibit A).

B.     Deed of Trust dated October 09, 2006, executed by DAVID LEE BRACKHAHN and CATHERINE WILSON BRACKHAHN to Mortgage Electronic Registration Systems, Inc., as nominee for GreenPoint Mortgage Funding, Inc. (true copy attached hereto as Exhibit B).

C.     Assignment of Deed of Trust to GMAC Mortgage, LLC (true copy attached hereto as Exhibit C).

D.     Payment history from GMAC Mortgage, LLC (true copy attached hereto as Exhibit D).

E.     Reinstatement Figures from GMAC Mortgage, LLC (true copy attached hereto as Exhibit E).

F.     Payoff Figures from GMAC Mortgage, LLC (true copy attached hereto as Exhibit F).

G.     Archuleta County Assessor and Treasurer Property Report (true copy attached hereto as Exhibit G).

H.     Any other Exhibits Respondent may put forward.

I.     All exhibits necessary for rebuttal and/or impeachment.

Dated: July 23, 2010

CASTLE MEINHOLD & STAWIARSKI, LLC

Deanna L. Westfall, #23449
Britney Beall-Eder, #34935
Katharine E. Fisher #39230
Kimberly Martinez, #40351
*BankruptcyDept@cmsatty.com*
Attorneys for Movant
999 18th Street, Suite 2201
Denver, CO  80202
303-865-1440
(303) 865-1410 (facsimile)

File No. 09-11716



# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
### Honorable Sidney B. Brooks

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Bankruptcy Case No.** |
| **DAVID LEE BRACKHAHN** | ) | **10-18699 - SBB** |
| SS#xxx-xx-2636 | ) | **Chapter 7** |
| **CATHERINE WILSON BRACKHAHN** | ) | |
| SS#xxx-xx-2530 | ) | |
| | ) | |
| **Debtor(s).** | ) | |
| | ) | |
| | ) | |
| **GMAC Mortgage, LLC** | ) | |
| **Movant(s)** | ) | |
| v, | ) | |
| **DAVID LEE BRACKHAHN** | ) | |
| **CATHERINE WILSON BRACKHAHN** | ) | |
| Douglas Larson, | ) | |
| Chapter 7 Trustee, | ) | |
| **Respondent(s)** | ) | |

## JUDGMENT

THIS MATTER came before the Court on July 26, 2010, regarding GMAC Mortgage, LLC's Motion for Relief from Automatic Stay filed June 30, 2010 (Docket #18) and Responses/Objections filed by Debtor's on July 19, 2010 (Docket #20). In accordance with the Order issued concurrently herewith,

IT IS ORDERED AND ADJUDGED that GMAC Mortgage, LLC's Motion for Relief from Automatic Stay filed June 30, 2010 (Docket #18) is **GRANTED**.

IT IS FURTHER ORDERED AND ADJUDGED that judgment is entered in favor of Creditor and against Debtors.

Dated: July 26, 2010.

FOR THE COURT:
*Bradford L. Bolton, Clerk*
/s/ R. Lantz
By:  R. Lantz, Law Clerk

APPROVED AND ACCEPTED:

By: _____
    Sidney B. Brooks, U.S. Bankruptcy Judge

604146

70903004154052

IT IS FURTHER ORDERED that the 14 day stay pursuant to Fed. R. Bankr. P.
4001(a)(3) is lifted and GMAC MORTGAGE, LLC may immediately implement and enforce this
order granting relief from the automatic stay.


Dated: _____July 26, 2010_____

BY THE COURT:

_Sid Brooks_
_____
Sidney B. Brooks,
United States Bankruptcy Judge



Exhibit
I

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

In re:

Bankruptcy No.10-18699-SBB
Chapter 7

DAVID LEE BRACKHAHN, XXX-XX-2636
CATHERINE WILSON BRACKHAHN, XXX-XX-2530
Debtors.

GMAC MORTGAGE, LLC,
Movant,

DAVID LEE BRACKHAHN, XXX-XX-2636
CATHERINE WILSON BRACKHAHN, XXX-XX-2530, and
Douglas Larson,
The Chapter 7 Trustee,
Respondents.

---

## ORDER GRANTING RELIEF FROM AUTOMATIC STAY

---

Upon motion made by GMAC MORTGAGE, LLC, for Relief from Stay, and there being a response and a hearing held on this matter , it is hereby.

**ORDERED** that GMAC MORTGAGE, LLC, its predecessors, successors and assigns, is hereby granted Relief from Automatic Stay pursuant to 11 U.S.C. §362 (d) of the Bankruptcy Code, solely to proceed *in rem* against the following described property:

LOT 21, ECHO LAKE ESTATES, ACCORDING TO THE PLAT THEREOF FILED FOR RECORD JULY 15, 1981 AS RECEPTION NO. 105427.

More Commonly Known as: 122 Clearwater Dr, Pagosa Springs, CO 81147

AND such automatic stay is hereby terminated as to the above-described property and GMAC MORTGAGE, LLC may proceed to pursue its state law rights and remedies allowed under the Note and Deed of Trust against the property.

Creditor is entitled to its reasonable attorney's fees and costs as set forth in its Motion for Relief and may collect the fees and costs as permitted by the Bankruptcy Code.



21008791   12/9/2010 3:13 PM          June Madrid
1 of 3      NLP   RS21.00 DS0.00       Archuleta County

 Exhibit J

 ③

---

☐ County Court          ☑ District Court

_Archuleta_ _____ County, Colorado

Court address: 449 San Juan St.  1st floor
P.O. Box 148
Pagosa Springs, CO. 81147

Plaintiff(s): GMAC Mortgage, LLC.

Defendant(s): Brockhahn, David, et al.

▲ COURT USE ONLY ▲

Attorney or Party Without Attorney (Name and Address): | Case Number:

Castle Meinhold & Stawiarski, LLC.          2009 CV 224
999 18th St.  Suite 2201
Denver, CO  80202          Division: ___  Courtroom: ___
                                                      A
Phone Number: 303-865-1400  E-mail: Jeffrey Buston
F.A.X Number: 303-865-1410  Atty. Reg. #: 40389

## NOTICE OF LIS PENDENS

NOTICE is hereby given that a civil action has been commenced and is pending in the court named above wherein _____ GMAC Mortgage, LLC. _____

~~has asserted a claim to~~

_____ sought and received an order authorizing sale under Rule 120.  (OAS) _____

which claim affects the following described real property situate in the _____

County of _Archuleta_ _____, State of Colorado, to wit:

Lot 21, ECHO LAKE ESTATES, According to the plat thereof filed for Record July 15, 1981 as reception no. 105427

also known by street and number as:

122 Clearwater Dr.  Pagosa Springs, CO.  81147

<u>See</u>

Attached Explanation Sheet Regarding New Evidence of Fraud on the Court
Attached Copy of Fraudulent "Assignment"
Attached Copy of Certificate of Mailing

Date: _December 9, 2010_

David Brockhahn  (970) 264-4923

Rtn: 122 Clearwater Dr. Pagosa Springs, CO 81147

21008791   12/9/2010 3:13 PM          June Madrid
2 of 3     NLP   R$21.00 D$0.00        Archuleta County

## ATTACHED EXPLANATION REGARDING
## NEW EVIDENCE OF FRAUD ON THE COURT

### In Case No.  2009cv224

In July of 2010, the attorney law firm of Castle, Meinhold, & Stawiarski, LLC, representing GMAC Mortgage, LLC, filed an alleged "Assignment of Deed of Trust" in the Brackhahns' Chapter 7 Bankruptcy case.  The foregoing "assignment" allegedly gave GMAC standing, as the holder, to foreclose on the property in question.   The "assignment" was "executed" approximately 10 months *AFTER* Castle, et al started the foreclosure here in Archuleta County.  The attorneys, Castle, et al, knowingly misled the court into believing that their client, GMAC, was legally the holder, thereby procuring the OAS by Fraud on the Court and irreparably damaging the Brackhahns.   Please see attached "ASSIGNMENT of DEED of TRUST".

**NOTE**: The signer of the out of time, alleged ASSIGNMENT *certifies* that she executed this document on April 29, 2010,  and yet on the same document the notary public didn't witness that signature until 3 weeks later, May 20, 2010.  Even greater than the issue of credibility of the signers of this alleged assignment is the **GLARING** fact that this was approximately **10 months** **AFTER** GMAC initiated foreclosure proceedings on my property, evidence that GMAC committed Fraud on the Court by claiming in the Rule 120 process that they had standing to foreclose.

In their efforts to protect and uphold the integrity of our judicial system, States' Attorneys General throughout our nation, as well as the United States Congress, are currently investigating the robo-signing phenomenon and its far-reaching implications.

_____                    _____
David Brackhahn                                                     Date

21008791        12/9/2010 3:13 PM        June Madrid
3 of 3    NLP    R$21.00  D$0.00          Archuleta County

ASSIGNMENT OF DEED OF TRUST

| | |
|---|---|
| Date of Assignment: | April 29, 2010 |
| Assignor: | Mortgage Electronic Registration Systems, Inc. as nominee for GreenPoint Mortgage Funding, Inc. |
| Assignee: | GMAC Mortgage, LLC |
| Date of Deed of Trust: | October 9, 2006 |
| Recording Date: | October 13, 2006 |
| County of Recording: | Archuleta |
| Recorded: | At Reception No. 20609983 |

KNOW ALL MEN BY THESE PRESENTS that on, October 9, 2006, David L. Brackhahn and Catherine W. Brackhahn, did grant, bargain, sell and convey the property described in the Deed of Trust to the Public Trustee of the County in which said Deed of Trust was recorded, which property was to be held in trust, by such Public Trustee for the use and benefit of Assignor, to secure the payment of a Promissory Note for the original principal sum of $442,000.00, together with interest.

NOW THEREFORE, in consideration of the sum of ten dollars and other valuable consideration, paid to the Assignor, the receipt, adequacy and sufficiency of which is hereby acknowledged, Assignor hereby assigns unto the said Assignee, the said Deed of Trust and note secured thereby, together with all moneys now owing or that may hereafter become due or owing in respect thereof, and the full benefit of all powers and of all the covenants and provisos therein contained, and said Assignor hereby grants and conveys unto the said Assignee, all of Assignor's beneficial right, title and interest, under the Deed of Trust, in and to the following described property, situated in the County of Archuleta, State of Colorado, to wit:

LOT 21, ECHO LAKE ESTATES, ACCORDING TO THE PLAT THEREOF FILED FOR RECORD JULY 15, 1981 AS RECEPTION NO. 105427.

also known by street and number as: 122 Clearwater Dr, Pagosa Springs, CO 81147

TO HAVE AND TO HOLD the said Deed of Trust and note, and also the said property unto the said Assignee forever, subject to the terms contained in said Deed of Trust and note.

IN WITNESS WHEREOF, the Assignor has executed this assignment the day and year first above written

ASSIGNOR:    Mortgage Electronic Registration Systems, Inc. as nominee for GreenPoint Mortgage Funding, Inc.

By:
Name: Sandy Broughton
Title: Assistant Secretary

STATE OF Pennsylvania
COUNTY OF Philadelphia } ss.

The foregoing instrument was acknowledged before me on May 20th 2010 by Sandy Broughton as Asst. Secretary of, Assignor.

Witness my hand and seal.
My Commission Expires: July 31st 2013

{SEAL}

Notary Public

Return to:
Bankruptcy Dept, re: 09-11716
Castle Meinhold & Stawiarski, LLC
999 18th St., Ste. 2201
Denver, CO 80202

NOTARIAL SEAL
LISA PROCOFIO
Notary Public
PHILADELPHIA CITY, PHILADELPHIA CNTY
My Commission Expires Jul 31, 2013



## CERTIFICATE OF MAILINGS & HAND DELIVERIES

On 12-09-2010, I certify that I **mailed** by USPS certified mail, with return receipt requested, a copy of a Lis Pendens, along with copies of two relevant attachments and a certificate of mailings and hand deliveries, to the following:

**Castle, Meinhold, and Stawiarski, LLC,**
Attorneys for GMAC Mortgage, LLC
999 18th Street, Suite 2201
Denver, Colorado 80202
Attention: Jeffrey Gaston

Certified Mail # *7009 0820 0001 8450 5991*

On 12-09-2010, I certify that I **mailed** by USPS certified mail, return receipt requested, a copy of the aforementioned Lis Pendens, copies of two relevant attachments, a certificate of mailings and hand deliveries, and a letter asking for an investigation to:

**Colorado Attorney General,**
**John Suthers**
Office of the Attorney General
1525 Sherman Street, 7th Floor
Denver, Colorado  80203

Certified Mail # *7009 0820 0001 8451 8854*

On 12-09-2010, I certify that I **personally delivered** and filed with the Archuleta County District Court Clerk the original aforementioned Lis Pendens, with its two relevant attachments and certificate of mailings and hand deliveries.

**Archuleta County District Court Clerk**
449 San Juan Street
Pagosa Springs, Colorado

On 12-09-2010, I certify that I **personally delivered** to the Archuleta County Clerk's Office a copy of the aforementioned Lis Pendens, with copies of its two relevant attachments. I had these documents **recorded** in the Archuleta County Public Record.

**Archuleta County, Colorado, Clerk's Office**
449 San Juan Street
Pagosa Springs, Colorado  81147

On 12-09-2010, I certify that I **personally delivered** to the Archuleta County Public Trustee's Office a copy of the aforementioned Lis Pendens, with copies of its two relevant attachments and a certificate of mailings and hand deliveries.

**Archuleta County, Colorado Public Trustee**
Office of the Treasurer
449 San Juan Street
Pagosa Springs, Colorado  81147

On 12-09-2010, I certify that I **personally delivered** to the Archuleta County Sheriff's Office a copy of the aforementioned Lis Pendens, with copies of its two relevant attachments, a certificate of mailings and hand deliveries, and a cover letter to Sheriff Pete Gonzalez.

**Pete Gonzalez, Sheriff, Archuleta County, Colorado**
Archuleta County Sheriff's Office
Town Hall
Pagosa Springs, Colorado  81147

_____
David Brackhahn

_____
Dec. 9, 2010
Date


Exhibit
L

December 9, 2010

Sheriff Gonzalez,

Enclosed please find a copy of a Lis Pendens, with an attachment explaining fraud that has been committed on the Archuleta County District Court, resulting in injury to a citizen of this county.  Also enclosed is a copy of the fraudulent document itself, along with a copy of a certificate of mailings and hand deliveries which lists parties to whom I have delivered this information.  A crime against me, my wife, and our property has been committed in Archuleta County.  As Sheriff, you are the ultimate guardian of law in our county.

**Initial Crime**:  In order to initiate a Rule 120 foreclosure action against our property on behalf of his client, GMAC, On June 15, 2009 Jeffrey Gaston, attorney for GMAC Mortgage, LLC, knowingly, willingly, and intentionally committed a crime by filing with the Archuleta Co. Public Trustee a sworn *false* certification (of GMAC's standing) in his initial affidavit accompanying his Notice of Election & Demand (NED).  Mr. Gaston, from the law firm of Castle, Meinhold, & Stawiarski, LLC, falsified by his sworn affidavit his client's (GMAC's) status as "holder", in order to ultimately procure for GMAC an Order Authorizing Sale (OAS).  Since the certification to the court (of GMAC's standing to foreclose on my property) must be sworn to by the attorney, I believe that perjury is also evidenced, in addition to collusion, in order to deprive me of my property. **Current Issue - Emerging evidence of Fraud on the Court: alleged "ASSIGNMENT of Deed of Trust" document.**  In the fabrication of this document, the attorneys neglected their duty of due diligence, as clearly shown by the inconsistent, timing-deficient "out of time" dates, as well as by the "robo-signed", bogus "assignment" itself from GreenPoint Mortgage Funding, Inc. (our original lender, who went out of business in 2007) to MERS (Mortgage Electronic Registration System, Inc.), and then *allegedly* from MERS to GMAC Mortgage, LLC. just recently.  Even if the "assignment" of our Deed of Trust, allegedly executed in 2010 (April 29? May 20?) were legitimate, <u>GMAC was clearly *not* the holder of the loan in June of 2009 when their attorneys initiated the foreclosure, nor was GMAC the holder of the loan when the Archuleta County District Court granted GMAC an OAS in January, 2010.</u>  By GMAC's own admissions on the face of the document, this *alleged* "assignment" was not created until April or May of 2010, ten months *after* GMAC initiated their foreclosure action against us.  The existence of this assignment document was not known to us until July of 2010, months after our Rule 120 case was closed.

I believe that if I were to file a criminal complaint with you, and you were to proceed with a sheriff's sale and subsequent eviction despite being informed about this fraud, that you would be violating a known duty, and by so doing would become an actor in the confiscating of property under color of state law, and by that action would lose your immunity.

Please reply, as soon as possible, as to your intentions regarding this crime.  If you need further clarity as to the nature and specifics of this fraud on the court, I will provide you with more detailed information upon your request.  Thank you for your assistance.

David Brackhahn
122 Clearwater Drive
Pagosa Springs, Colorado  81147
(970) 264-4923



Mr. John Suthers
Colorado State Attorney General
1525 Sherman Street, 7th Floor
Denver, Colorado  80203


December 9, 2010



Dear Mr. Suthers:

From reading some of your biography online, I'm aware that you initiated a program to help reduce mortgage and foreclosure fraud.  I also am aware, from reading different news reports, that you are involved, along with other state attorneys general, in investigating the so-called "robo-signing" scandals which have come to light in the last several years.  I feel sure that you're aware of the wide-spread practice of lenders', servicers', and Mortgage Electronic Registration System, Inc.'s (MERS's) filing of fraudulent documents into foreclosure cases nation-wide, as well as here in Colorado.

I have been a victim of this very practice, and as you are aware, Colorado's Rule 120 procedures to procuring the Order Authorizing Sale (OAS) for the "lenders" are deemed not appealable.  I am a retired person living on Social Security, having lost my small contracting business of 35 years, and do not have the resources to fight this fraud on the court through normal judicial processes.  (Please see the Lis Pendens package I'm filing today to try to stop the sale and probably eviction, scheduled December 16th, one week from today.)

I ask that you consider this communication a criminal complaint and request that you obtain a stay of the sale/eviction.  I also ask you to investigate and prosecute the actors, including both GMAC Mortgage, LLC and the Castle, Meinhold, Stawiarski, LLC attorneys who intentionally misled the Archuleta County District Court to obtain the OAS.  I ask you also to investigate and prosecute Magistrate Judge James E. Denvir, because the Colorado State Supreme Court declared that it *is* appropriate to challenge real party in interest in a Rule 120 action.  Judge Denvir turned an intentional blind eye to the Supreme Court's rule of law, denying me my Constitutional protection to not be deprived of life, liberty, or property without due process of law <u>and</u> denying my 14th Amendment protections to equal protection in the law.  Where banks and other foreclosing entities are not required to prove-up standing, that *should,* of necessity, invoke the Court's subject matter jurisdiction.

Colorado's foreclosure statutes are unconstitutional because the attorneys are granted immunity, despite well-established laws (CRCP Rule 11, Rules of Professional Conduct 3.4 and 8.4...)   These rules should give me remedy when said attorneys bring actions not well-grounded in fact or warranted by existing law and where they had a duty under "good faith and fair dealing" and "candor" toward opposing party to provide documentation of their claim, <u>*before*</u> my property is taken.

What has happened in my case, and I'm sure in many others around the state, violates Colorado's laws as an extreme example of unfair and deceptive acts and practices.  Because of the misrepresentations resulting in the OAS being granted, I believe that your office has a duty to prosecute for violations of the Colorado Consumer Protection Act.  You should also seek from

the Colorado Supreme Court a stay on all non-judicial foreclosures, since Colorado's statutes have created protections for attorneys that deprive consumers of remedy well-established in the law. The Rule 120 foreclosure procedures also nurture an atmosphere where fraud can flourish. My case is an excellent example of all of this and demonstrates the facts and gives you the elements needed for the prosecution of the case.

I am fully willing to be a sworn witness, should you decide to go forward with the case. If needed, I would also be willing to fill out an affidavit stating the facts and to attach the relevant documents to the case. As I understand it, this would constitute a Verified Criminal Complaint.

I and my family are irreparably damaged by the emotional distress caused by these behaviors, and my damages are accruing with each day that passes, where the attorneys have refused to WITHDRAW the action and VACATE the OAS. Because OAS's from Rule 120 are deemed not appealable, I am denied remedies and protections being enjoyed by others similarly situated who have the protections of a JUDICIAL procedure in which discovery is allowed.

Thank you for your consideration of this matter. I anxiously await your reply.


David Brackhahn

122 Clearwater Drive
Pagosa Springs, Colorado 81147

Phone: (970) 264-4923





**JOHN W. SUTHERS**
Attorney General

**CYNTHIA S. COFFMAN**
Chief Deputy Attorney General

**DANIEL D. DOMENICO**
Solicitor General

**STATE OF COLORADO**
**DEPARTMENT OF LAW**

OFFICE OF THE ATTORNEY GENERAL

**STATE SERVICES BUILDING**
1525 Sherman Street - 5th Floor
Denver, Colorado 80203
Phone (303) 866-4500
FAX (303) 866-5691

December 10, 2010

David Brackhahn
122 Clearwater Dr.
Pagos Springs, CO  81147

RE:  GMAC

Dear David Brackhahn:

Thank you for sending our office your complaint. Your complaint provides valuable information that will help us to identify trends in consumer fraud and allow us to set enforcement priorities.

Because we cannot provide legal advice to you in this matter or represent you as your private attorney, you may wish to retain private counsel to address your personal issues. Please note that if you are having difficulty making your mortgage payment or have issues with a foreclosure, you need to address these issues immediately. There are housing counselors available at the Mortgage Foreclosure Hotline who may be able to assist you. The number is 877-601-4673.

We receive thousands of complaints each year about various business practices throughout the state.  Please understand that because of the large volume and variety of complaints sent to us, we do not have the resources to personally handle each and every complaint we receive. While we cannot take direct action to resolve your issues, your information will be reviewed and kept on file.

If your complaint involves a procedure or conduct by a real estate broker, you may wish to contact the Real Estate Division at 303-894-2166 to file a complaint.

We appreciate the time and effort you have gone to in bringing your issues to our attention. Again, thank you for contacting the Colorado Attorney General's Office.

Sincerely,

FOR THE ATTORNEY GENERAL

*James Sidanycz*

James Sidanycz
Consumer Fraud Section
800-222-4444
303-866-5125