## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Civil Action No. 10-cv-01906-REB-MEH**

DAVID AND CATHERINE BRACKHAHN,

      Plaintiffs,

v.

GMAC MORTGAGE, LLC,

      Defendant.

---

### ANSWER TO VERIFIED FIRST AMENDED COMPLAINT

---

      Defendant GMAC Mortgage, LLC ("GMAC"), through its counsel, Lowe, Fell & Skogg, LLC, submits the following answer to Plaintiffs' Verified First Amended Complaint.

      1.    In response to paragraph 1 of the Complaint, GMAC admits the legal description for the real property identified in paragraph 1 to the Complaint is correct.  GMAC admits the common address for the real property is 122 Clearwater Drive, Pagosa Springs, Colorado.  GMAC denies the remaining allegations in paragraph 1.

      2.    Paragraph 2 of the Complaint does not appear to contain any specific allegation with respect to GMAC other than to identify GMAC as a Defendant in this action; therefore, it is not clear whether a response is required.  To the extent that a response is required GMAC admits that it has been named by Plaintiffs as a Defendant in this action.

3.	GMAC is without sufficient information or knowledge to admit or deny the allegations in paragraph 3 and therefore denies them.

4.	The allegations in paragraph 4 appear to be Plaintiffs' interpretation of the law, to which no response is required.  To the extent that a response is required GMAC states that the statutes referenced speak for themselves.  GMAC denies any allegations in paragraph 4 inconsistent with the referenced statutes.  GMAC further denies that it engaged in deceit in conjunction with any efforts undertaken to collect a debt from Plaintiffs.  GMAC also denies Plaintiffs' characterization of the law.

5.	The allegations in paragraph 5 appear to be Plaintiffs' interpretation of the law, to which no response is required.  To the extent that a response is required by GMAC, or that the statements in paragraph 5 are directed to GMAC, the allegations are denied.

6.	The allegations in paragraph 6 appear to be Plaintiffs' interpretation of the law, to which no response is required.  To the extent that a response is required by GMAC, or that the statements in paragraph 6 are directed to GMAC, the allegations are denied.

7.	The allegations in paragraph 7 appear to be Plaintiffs' interpretation of the law, to which no response is required.  To the extent that a response is required by GMAC, or that the statements in paragraph 7 are directed to GMAC, the allegations are denied.

8.	The allegations in paragraph 8 appear to be Plaintiffs' interpretation of the law, to which no response is required.  To the extent that a response is required

by GMAC, or that the statements in paragraph 8 are directed to GMAC, the allegations are denied.

9.      With respect to the allegations in paragraph 9, GMAC admits that Exhibits A through N are attached to the Plaintiffs' Complaint.  With respect to these documents, GMAC states that they speak for themselves and are the best evidence of their terms.  With respect to the remaining allegations in paragraph 9:

a.      GMAC admits that Plaintiffs executed a loan originated by GreenPoint Mortgage Funding, Inc. in the principal amount of $442,000.00, exclusive of interest and other charges that may be owed under the terms of the loan.

b.      GMAC admits that it is the owner and holder of the Plaintiffs' loan.

c.      GMAC admits that Plaintiffs failed to make mortgage payments as required under their loan.

d.      GMAC admits that Plaintiffs filed for Chapter 7 bankruptcy.

e.      GMAC admits that Plaintiffs filed this lawsuit on August 10, 2010.

f.      GMAC denies that GMAC or any representative of GMAC, including any of its attorneys, acted fraudulently, illegally or in any manner improperly with respect to Plaintiffs.

g.      GMAC is without sufficient information or knowledge to admit or deny the remaining allegations in paragraph 9 and therefore denies them.

10.     With respect to paragraph 10, GMAC admits that Exhibit A is attached to the Complaint.  GMAC states that the document speaks for itself and is the

best evidence of its terms. GMAC denies that GMAC or its attorney engaged in fraudulent conduct with respect to Exhibit A and denies all other remaining allegations in paragraph 10.

11.    With respect to the allegations in paragraph 11, GMAC is without sufficient information or knowledge to admit or deny the allegations and therefore denies them.

12.    GMAC denies the allegations in paragraph 12.

13.    GMAC denies the allegations in paragraph 13.

14.    GMAC denies the allegations in paragraph 14.

15.    GMAC denies the allegations in paragraph 15.

16.    GMAC denies the allegations in paragraph 16.

## GENERAL DENIAL

GMAC denies all allegations in Plaintiffs' Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1.    Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

2.    Plaintiffs' claims fail to comply with the applicable statute of limitations.

3.    Plaintiffs' claims fail under the doctrine of unclean hands.

4.    Plaintiffs' claims fail because of Plaintiffs' own prior breach of duties owed to GMAC including both contractual and statutory duties.

5.      Plaintiffs' claims fail because they were caused by third parties over which GMAC had no control.

6.      Plaintiffs' claims may be barred by the doctrines of waiver, estoppel and/or laches.

7.      Plaintiffs' damages are barred or should be reduced by their failure to mitigate damages, if any.

8.      Plaintiffs' claims are barred by their default under the applicable loan agreements.

9.      Plaintiffs' claims are, in part, not ripe for adjudication.

10.     Plaintiffs' request for punitive damages is improper and has not been asserted in accordance with applicable law.

WHEREFORE, GMAC requests that the Court enter a judgment against Plaintiffs and in favor of GMAC on Plaintiffs' claims for relief, deny Plaintiffs the relief that Plaintiff is seeking in this action and award GMAC its attorney fees and costs, including expert witness fees and litigation expenses and interest associated with defending this action as well as such further and different relief as the Court deems proper.

Respectfully submitted this 1st day of April, 2011.

LOWE, FELL & SKOGG, LLC


s/ Karen L. Brody
Karen L. Brody
370 Seventeenth Street, Suite 4900
Denver, Colorado 80202
Phone:  720.359.8200
Fax:  720.359.8201
Email:  kbrody@lfslaw.com


ATTORNEYS FOR THE DEFENDANT

Defendant's Address:
1100 Virginia Dr.
Fort Washington, PA  19043

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of April, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.  I served a copy of the foregoing by placing a true and correct copy of the same in the United States mail, postage prepaid addressed to:

Catherine Brackhahn
122 Clearwater Drive
Pagosa Springs, CO  81147

David Brackhahn
122 Clearwater Drive
Pagosa Springs, CO  81147


s/ Anne Van Teyens