**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-cv-01906-REB-MEH

DAVID AND CATHERINE BRACKHAHN,

    Plaintiffs,

v.

GMAC MORTGAGE, LLC,

    Defendant.

---

**UNOPPOSED MOTION TO AMEND SCHEDULING ORDER AND
RESET FINAL PRETRIAL CONFERENCE**

---

Defendant GMAC Mortgage, LLC, through its counsel, Lowe, Fell & Skogg, LLC, submits the following Unopposed Motion to Amend Scheduling Order and Reset Final Pretrial Conference. In support of this motion, GMAC states as follows:

1. Pursuant to D.C.COLO.L.CivR 7.1(A), counsel for Defendant GMAC contacted Plaintiffs via telephone and electronic mail to confer before filing this motion. Counsel for GMAC provided Plaintiffs with a draft of this motion for their review as well. On May 2, 2011, Plaintiffs advised counsel for GMAC that they have no objection to the motion.

2. Plaintiffs filed their original complaint in this action on August 10, 2010. In response, on September 20, 2010, GMAC filed a Motion to Dismiss Plaintiffs' Complaint under Fed.R.Civ.P. 8 and 9(b). Plaintiffs responded to the Motion to Dismiss on October 28, 2010. GMAC filed its reply on November 19, 2010.

3. While GMAC's Motion to Dismiss was pending, on November 3, 2010, the Court entered a Scheduling Order in this action and set a final pretrial conference for July 25, 2011 at 9:45 a.m.

4. Because GMAC had filed a dispositive motion in the case, and Plaintiffs had requested leave to amend their Complaint, the parties did not engage in any discovery during the pendency of the Motion to Dismiss. GMAC was particularly unable to move forward with discovery in light of the fact that Plaintiffs' original Complaint was very difficult to understand and did not include any clear statement of the claims asserted against GMAC or the allegations underlying those claims. In short, GMAC could not determine what claims had been asserted against it by Plaintiffs, let alone conduct in discovery to narrow the issues in the case.

5. On December 29, 2010, Magistrate Judge Michael Hegarty issued his Recommendation on Pending Motions, concluding that Plaintiffs' Complaint should be dismissed for failing to comply with Rule 8 and Rule 9 of the Federal Rules of Civil Procedure. Magistrate Hegarty recommended that notwithstanding the dismissal, Plaintiffs should be permitted to amend their Complaint in compliance with all applicable rules.

6. Plaintiffs filed a response to Magistrate Hegarty's Recommendation on January 18, 2011 and sought leave to amend their Complaint in the event that the Court granted GMAC's Motion to Dismiss.

7. On February 14, 2011, the Court entered an Order Adopting Recommendation of United States Magistrate Judge, dismissing Plaintiffs' Complaint without prejudice and giving Plaintiffs leave to file an amended Complaint curing the flaws identified on or before March 4, 2011.

8. Plaintiffs filed their First Verified Amended Civil Complaint on March 4, 2011 (the "Amended Complaint"). The Amended Complaint is a completely new and re-worked complaint, including allegations and claims not identified with any clarity in Plaintiffs' original filing. GMAC answered Plaintiffs' Amended Complaint on April 1, 2011.

9. Because Plaintiffs have essentially filed a new case against GMAC involving new claims and allegations, and because the parties could not productively engage in discovery until GMAC's Motion to Dismiss was resolved, GMAC requests that the Court amend the Scheduling Order and reset the pretrial conference that has been scheduled in this matter. Amendment of the Scheduling Order is required to allow the parties sufficient time to conduct and complete discovery in light of the delay that occurred as a result of the dismissal of Plaintiffs' original Complaint. GMAC's Motion to Dismiss was not fully resolved until February 14, 2011, and Plaintiffs did not amend their Complaint until March 4, 2011; yet the original Scheduling Order reflected the exchange of expert reports on March 15, 2011, less than two weeks after Plaintiffs filed their new Complaint, a discovery cut-off of April 29, 2011, a dispositive motion deadline of May 27, 2011 and a final pretrial conference on July 25, 2011.

10. GMAC specifically requests the following changes to the existing Scheduling Order deadlines:

    a. The parties will supplement their Rule 26(a)(1) disclosures based on the new claims and allegations asserted in Plaintiffs' Amended Complaint and new defenses asserted by GMAC on or before May 20, 2011.

    b. The discovery cut-off will be extended from April 29, 2011 (the date set forth in the original Scheduling Order) to October 31, 2011.

   c. The dispositive motion deadline will be extended from May 27, 2011 to November 30, 2011.

   d. The expert witness designation deadline will be extended from March 15, 2011 to September 9, 2011.

   e. The rebuttal expert witness designation deadline will be extended from April 15, 2011 to October 7, 2011.

 11. The original Scheduling Order reflected that the parties will submit written interrogatories and requests for production of documents and/or admission no later than 33 days before the close of discovery. GMAC requests that this deadline remain as stated.

 12. GMAC also requests that the Court reset the final pretrial conference to a date and time commensurate with the amendments to the Scheduling Order.

 13. There is good cause for the amendments and rescheduling requested. Plaintiffs' original Complaint did not comply with applicable local and federal pleading rules making it impossible for GMAC to understand the nature of the claims asserted and to efficiently and effectively conduct discovery. Plaintiffs significantly modified their Complaint and asserted new allegations and claims not discernible in their original filing. The expert disclosure deadline in the original Scheduling Order occurred only eleven days after Plaintiffs filed a new Complaint and the discovery deadline is less than two months after the filing of the new Complaint. Plaintiffs' case was dismissed and was essentially re-started with the filing of their Amended Complaint on March 4, 2011. The proposed amendments will move the case forward within the same general timeframes reflected in the original Scheduling Order.

WHEREFORE, GMAC requests that the Court amend the Scheduling Order entered on November 3, 2010 as set forth above, reschedule the final pretrial conference to a date commensurate with the new case deadlines and grant such further or different relief as the Court deems proper.

Respectfully submitted this 2nd day of May, 2011.

LOWE, FELL & SKOGG, LLC

*s/ Karen L. Brody*
Karen L. Brody
370 Seventeenth Street, Suite 4900
Denver, Colorado 80202
Phone:  720.359.8200
Fax:  720.359.8201
Email:  kbrody@lfslaw.com

ATTORNEYS FOR THE DEFENDANT

## CERTIFICATE OF SERVICE

  I hereby certify that on the 2nd day of May, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.  I served a copy of the foregoing by placing a true and correct copy of the same in the United States mail, postage prepaid addressed to:

Catherine Brackhahn
122 Clearwater Drive
Pagosa Springs, CO  81147

David Brackhahn
122 Clearwater Drive
Pagosa Springs, CO  81147

                *s/ Kelly A. Stankov*