UNITED STATES DISTRICT COURT 2011 SEP -7 PM 4: 24
FOR THE DISTRICT OF COLORADO

GREGORY C. LANGHAM
CLERK

BY_____DEP. CLK

**Civil Action No. 10-cv-01906-REB-MEH**

DAVID AND CATHERINE BRACKHAHN, Pro Se

    Plaintiffs,

    v.

GMAC MORTGAGE, LLC,

    Defendant.

---

## VERIFIED MOTION for EXPEDITED DECLARATORY JUDGMENT PURSUANT TO FRCP RULE 57 AND 28 USC § 2201

---

Plaintiffs herewith move the Court, under 28 U.S.C. 2201, for a Declaratory Judgment, following Defendant's flagrant and prejudicial violations of duties under FRCP Rule 26(a)(1)(i), which in part states:

> "...a party must, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information - that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment."

These violations by GMAC have resulted in Plaintiff's inability to have properly and timely formed and served meaningful discovery requests, thereby also denying Plaintiffs the right and ability to meaningfully prepare for trial.

**"FRCP Rule 57. Declaratory Judgments**
The procedure for obtaining a declaratory judgment pursuant to Title

28, U.S.C., § 2201, shall be in accordance with these rules, and the right to trial by jury may be demanded under the circumstances and in the manner provided in Rules 38 and 39. The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. The court may order a speedy hearing of an action for a declaratory judgment and may advance it on the calendar.

It is a proper sanction under FRCP Rule 37(c)(1)(C) for a Declaratory Judgment, as the Defendant's breach of duties have caused irreparable damage to the Plaintiffs' right to fundamental fairness in procedure (due process):

***"Rule 37(c)(1)(C). Failure to Make Disclosures or to Cooperate in Discovery; Sanctions***

**(c) Failure to Disclose; to Supplement an Earlier Response, or to Admit.**

**(1) Failure to Disclose or Supplement.**

"*If a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:*

***(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).***"

### Relief sought by Plaintiffs:

1.) **Plaintiffs** seek punitive and/or exemplary damages in an amount sufficient to ensure GMAC Mortgage, LLC ceases its behavior of foreclosing as holder, when documentation proves otherwise. Such behavior not only unlawfully and unconscionably dispossesses homeowners of their greatest asset, but clogs court calendars. It is a tort upon public resources and a

violation by attorneys of duty to respect Judicial resources.

2.) Plaintiffs seek treble damages for fraud in the amount of the Note.

3.) Plaintiffs seek a declaration that the title to the subject property is vested in Plaintiffs alone and that Defendants(s) herein, and each of them, be declared to have no estate, right, title, or interest in the subject property, and that said Defendant(s), each of them, be forever enjoined from asserting any estate, right, title or interest in the subject property adverse to Plaintiffs herein.

4.) Plaintiffs seek an order compelling said Defendant(s) and each of them to transfer legal title of the subject property to Plaintiffs herein.

5.) Plaintiffs seek restoration by Defendant of their original high credit rating.

6.) **Plaintiffs seek** any such other relief the court may deem proper.

Justice and social protection require a monetary sanction against GMAC, sufficient to ensure that defendant permanently amends its behavior. The reasonable person understands that if GMAC had properly garnered the documentation necessary to *lawfully* initiate foreclosure against Plaintiffs, it would certainly have no difficulty identifying its actors, custodians, and other individuals with the personal knowledge necessary to authenticate documents for admissibility.

Plaintiffs have a Constitutional right to a meaningful trial. Defendant's behavior has obstructed same. While Plaintiff's awaited Defendant's disclosure compliance, the Court denied an enlargement of time for discovery. Summary Judgment is not available, leaving Declaratory Judgment... or if the Court finds it appropriate, an award of DEFAULT JUDGMENT... as Plaintiffs' only just remedy.

Wherefore, Plaintiffs move the Court under **FRCP RULE 57** and 28 U.S.C. 2201, as well as FRCP Rule 37(c)(1)(C) for a Declaratory Judgment.

Respectfully submitted,

*David Brackhahn*
*Catherine Brackhahn*
Plaintiffs, Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of September, 2011, I hand delivered to the Clerk of the Court a copy of PLAINTIFFS' VERIFIED MOTION FOR EXPEDITED DECLARATORY JUDGMENT, addressed to:

> Office of the Clerk
> UNITED STATES DISTRICT COURT
> 901 19th St., Rm. A-105
> Denver, Colorado 80294-3589

On this date I served a copy of the foregoing by placing a true and correct copy of the same in the USPS Priority MAIL, postage prepaid, addressed to:

> LOWE, FELL, & SKOGG, LLC
> KAREN BRODY, ESQ.
> ATTY FOR GMAC MORTGAGE, LLC
> 370 17TH STREET, SUITE 4900
> DENVER, COLORADO 80202

_/s/ David Brackhahn_

David Brackhahn, Pro se                    Date 9-7-11
122 Clearwater Dr.
Pagosa Springs, Colorado 81147
(970) 264-4923