# PLAINTIFF'S AFFIDAVIT IN SUPPORT OF 9-7-2011
# MOTION FOR EXPEDITED DECLARATORY JUDGMENT

I, __Catherine Brackhahn__, hereafter Affiant, being of sound mind, competent and able to testify to the accuracy of this Affidavit, hereby confirm that all the facts stated and affirmed herein are true, correct, complete, not misleading, and admissible as evidence, to the best of my knowledge.

State of Colorado  )
                   ) ss
County of Archuleta )

Before me this day personally appeared __Catherine Brackhahn__, who being first duly sworn, deposes and says:

1. That the Affiant is not in receipt of any documents that disclose each individual's name, and their contact information if known.

2. That, as per FRCP Rule 26(a)(1)(A)(i), the Defendant had a duty to disclose *timely* names, and where known, phone numbers and types of information potentially provided. In this duty GMAC failed.

3. That names, and contact information were to be provided by GMAC no later than 14 days after the 26(f) Settlement Conference, which conference never took place.

4. That there was no settlement conference, as GMAC never offered the Plaintiffs a settlement to consider, but only a modification of mortgage.

5. That Plaintiff could not pursue discovery or properly prepare for trial without disclosed names and contact information from Defendant.

6. That Defendant's failure to fulfill Rule 26(a) denied legal due process to Plaintiffs and also violated FRCP 37(c).

7. That Defendant's violation of Rule 37(a) prohibits them from using any evidence at trial from those undisclosed witnesses, thus wasting the court's and Plaintiffs' time and resources and denying Plaintiff's a fair trial.

8. That Defendant's failure to make Rule 26(a) disclosures in compliance with clear wording of the Rule ("the name") is harmful and prejudicial.

9. That the Plaintiffs have been denied the right and ability to exercise the tools of discovery in preparing for trial.

10. That no meaningful trial preparation or outcome is possible with Plaintiffs having been denied proper disclosure by Defendant.

11. That the Affiant never received a communication from GMAC that it had obtained an ownership interest in Affiant's property not later than thirty days of obtainment, as required by 15 U.S.C. § 1641(g)(1).

12. That the Affiant has read FRCP 26(a)(i) which requires information by a time certain (early). Because defendant GMAC Mortgage failed to identify any individuals by name, indentify any such individual's personal

knowledge, or any such individual's title *early,* the Affiant was unable to form and execute meaningful discovery requests in preparation for summary judgment or trial. Affiant believes that the breaches of duty by the defendant to *timely* supply information, completely within their exclusive control and knowledge, has irreparably damaged Affiant's right to fundamental fairness and due process.

13. That the Affiant is deprived of a meaningful trial for having been denied the right and ability to exercise tools of discovery.

14. That the due process violation that Affiant has suffered is irreparable because it would be fundamentally unfair and unconscionable to expect the case to be rolled back, with litigation time, expense, and resources to accrue against Plaintiff, in an effort to award defendant additional time for compliance.

15. That the Affiant does not believe the law allows *just anyone* to deprive a person of property when payments aren't made.

16. That the Affiant is not in receipt of any document which verifies, at the time GMAC Mortgage obtained the Order Authorizing Sale, that GMAC had <u>standing</u> to seek the order, and had obtained authority to enforce a default clause, or to invoke the subject matter jurisdiction of the State Court.

17. That the Order Authorizing Sale is void for lack of subject matter jurisdiction as proven by GMAC Mortgage's production of the bad-faith and out-of-time alleged assignment, executed approximately 10½ months *after* foreclosure.

18. That the Exhibits ( *A through N* ), included with our Amended Complaint filed into the Court on March 2, 2011, are herein fully incorporated by reference. Said Exhibits are true and correct copies, produced by Affiant, or supplied to the Affiant by Stephen Brunette (Affiant's foreclosure defense attorney for brief time), or by GMAC Mortgage or their attorneys.

19. <u>That Affiant has been DAMAGED by GMAC's foreclosure action</u> in many ways: financially (excellent credit rating ruined, and severely reduced living standard); physical, mental, and emotional damage (prolonged-stress-related health problems, including depression and impaired immune system; damaged reputation; and clouded title of Affiant's home.

**<u>Affiant seeking the following RELIEF</u>:**

1.) **Affiant seeks** punitive and/or exemplary damages in an amount sufficient to ensure that GMAC Mortgage, LLC ceases its behavior of foreclosing as holder, when Defendant's own documentation proves otherwise. Such behavior not only unlawfully and unconscionably dispossesses

homeowners of their greatest material asset, but clogs court calendars. It is a tort upon public resources and a violation by attorneys of duty to respect Judicial resources.

**2.)** Affiant seeks treble damages for fraud in the amount of the Note.

**3.)** Affiant seeks a declaration that the title to the subject property is vested in Plaintiffs alone, and, that Defendants(s) herein, and each of them, be declared to have no estate, right, title, or interest in the subject property, and that said Defendant(s), each of them, be forever enjoined from asserting any estate, right, title or interest in the subject property adverse to Plaintiffs herein.

**4.)** Affiant seeks an order compelling said Defendant(s) and each of them to transfer legal title of the subject property to Plaintiffs herein.

**5.) Affiant demands to have good credit rating restored by Defendant.**

**6.) Affiant seeks** any such other relief the court may deem proper.

Justice and social protection require a monetary sanction against GMAC, sufficient to ensure that defendant permanently amends its behavior. The reasonable person understands that if GMAC had properly garnered the documentation necessary to *lawfully* initiate foreclosure against Plaintiffs, it would certainly have no difficulty identifying its actors, custodians, and other individuals

with the personal knowledge necessary to authenticate documents for admissibility.

_Catherine Brockhahn_
Signature of Affiant

Sworn and subscribed before me
this 7th day of September,
A.D. 2011.

( Notary Seal )

_Frances Martinez_
Frances Martinez
Notary Public